CHARLES JOHNSON v. CITY OF STILLWATER.[1]

July 10, 1895.

Nos. 9333—(190).

**Action for Compensation of Police Officer—Sufficiency of Evidence.**
  Evidence considered, and *held* to sustain the findings of fact by the trial
  court.

Action in the municipal court of Stillwater.   The case was tried
before Jack, J., who found as facts substantially as follows:   (1)
That defendant city is a municipal corporation.   (2) That, dur-
ing the year 1886, plaintiff, then being a fireman in the employ
of the fire department of the city, was, by the chief of said depart-
ment, appointed driver of the patrol wagon, and that said wagon
was used jointly by the fire department and the police depart-
ment.   (3) That about April 1, 1890, and while plaintiff was so em-
ployed, the mayor of said city appointed plaintiff a special police-
man, and assigned him to the duties of driver of the patrol wagon.
(4) That thereafter plaintiff was, by the city council, duly con-
firmed as such special policeman, and duly qualified as such, and was
transferred to the police department.   (5) That for such services
as special police plaintiff was paid the sum of $60 per month by
said city.   (6) That on April 14, 1891, the mayor made his ap-
pointments for the police force, and assigned the duties of each ap-
pointee, and that plaintiff was assigned as driver of the patrol
wagon.   (7) That on April 14, 1891, the city council duly con-
firmed said appointments, and that thereafter plaintiff took the oath
of office, and filed the same with the clerk of said court, and that
the same had been lost, and could not be found.   (8) That plain-
tiff so continued to drive said patrol wagon until about May 13,
.1894, at which time the chief of the fire department relieved him
from said duty.   (9) That immediately thereupon plaintiff report-
ed to the mayor, who directed the chief of police to assign plain-
tiff to regular police duty, which said chief then did, and plaintiff
so continued to do regular police duty up to July 1, 1894.   (10)

[1] Reported in 64 N. W. 95.

That during all the time since said appointment of April, 1891, the city paid plaintiff $60 each month up to May 1, 1894. (11) That during May and June, 1894, plaintiff performed services for said city at its request, as such policeman, and that said city had refused to pay plaintiff therefor. (12) That at no time since said appointment of April 14, 1891, had plaintiff resigned as such policeman, or by the mayor been discharged as such. As a conclusion of law the court found that plaintiff was entitled to recover from defendant $120, with interest from July 1, 1894. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*H. H. Gillen*, for appellant.

*Danner & McBeath*, for respondent.

START, C. J. Action by plaintiff to recover from the city of Stillwater for services as police officer for two months from May 1 to July 1, 1894, at $60 per month. Cause tried by the court without a jury. Judgment ordered for the plaintiff for amount claimed, and from an order denying its motion for a new trial the city appealed.

Appellant's first assignment of error is that the court erred in not granting its motion to dismiss the action when plaintiff rested, for the reason that the evidence did not establish a cause of action. Conceding the claim, without deciding it, still the case was reopened, and the necessary evidence was supplied. It was not an abuse of discretion on the part of the trial court to permit the case to be reopened.

Subdivisions 2 to 5, inclusive, of the court's findings of fact, are immaterial, and it is therefore immaterial whether or not the court erred in receiving the evidence upon which they were based. This disposes of appellant's assignments of error, 3, 4, 5, and 6.

If the remaining findings of fact are supported by the evidence, they support the conclusion of law of the court, and appellant's remaining assignments of error are without merit. We are of the opinion that such findings are not so manifestly against the weight of the evidence as to justify us in setting them aside and granting a new trial. That the respondent was appointed upon the police force of the city on April 14, 1891, and his appointment confirmed, cannot well be questioned. Whatever may have been his official

relation to the city prior to this time, he was then, by the action of the mayor, appointed on the police force, and designated or detailed by the terms of the appointment as driver of the patrol wagon. It further appears by the evidence of the mayor that the respondent prior to July 1, 1894, had not been discharged, and that no successor had been appointed in his place on the police force. The most that can be claimed from the evidence is that he was discharged as patrol driver May 12, 1894, when he reported to the mayor, who directed the chief of police to assign him to a beat, and he continued to do regular police duty until July 1, 1894. The evidence that the respondent qualified by taking and filing his oath of office, and that the city council fixed his pay, is not as satisfactory and clear as it is on the other findings of the court; but it is sufficient, within the rule we have suggested.

Order affirmed.