STATE ex rel. JOHN F. BRODERICK v. DISTRICT COURT OF RAMSEY
COUNTY and Others.[1]

December 18, 1903.

Nos. 13,799—(221).

**Mandamus.**

This court has the power by writ of mandamus to compel compliance with its orders and directions on the remand of a case to the trial court.

**Remanding Case to Trial Court.**

The effect of a reversal of a judgment and a remand of the cause to the trial court without any directions depends upon the grounds on which it is based as expressed in the opinion of this court, and the trial court is free to proceed in any manner not inconsistent with the opinion.

**Supplemental Answer.**

A supplemental answer may be allowed after judgment as well as before.

**New Trial.**

Where a judgment is reversed, and the case remanded, without directions, but it is apparent from the opinion that upon the record before this court the plaintiff is entitled to judgment, the trial court may for cause allow a supplemental answer and grant a new trial; and, unless it is apparent that such action is a mere pretext to defeat the entry of judgment for the plaintiff, mandamus will not lie to compel the entry of such judgment in accordance with the opinion.

Order to show cause issued from the supreme court upon the application of relator for a writ of mandamus. Order discharged.

*Daniel W. Lawler* and *Ambrose Tighe,* for relator.

*James E. Markham* and *James C. Michael,* for respondents.

START, C. J.

On the petition of the relator herein the district court of the county of Ramsey was by an order of this court required to show cause why a peremptory writ of mandamus should not issue directing it to enter judgment in the case of John F. Broderick v. City of St. Paul, and others, forever restraining the city from entering into the contract between the city and the company set out in the complaint in the action, and from carrying out or performing the pretended contract.

[1] Reported in 97 N. W. 581.

Upon the hearing of the order to show cause the facts were substantially conceded, and, so far as here material, they are as follows: The relator, Broderick, commenced an action against the city and its officers and against the company in the district court of the county of Ramsey to restrain the city from entering into or carrying out the alleged contract. The trial of the action resulted in a judgment on the merits in favor of the defendants, from which the relator appealed to this court. The decision on the appeal involved the validity of the contract between the city and company for the lighting of certain streets of the city with gasoline from January 1, 1903, to December 31, 1903. This court held (see 90 Minn. 443, 97 N. W. 118) that the common council of the city should have proceeded by resolution, and not by motion, in accepting the bid of the company and awarding the contract to it, and that for this reason its action was illegal and void. The judgment appealed from was accordingly reversed, and the case, on November 19, 1903, remanded to the district court, without any directions whatever. Thereupon the relator moved the district court for an order directing judgment in his favor to be entered for the relief asked in his complaint in the original action in accordance, as he claimed, with the decision of this court. The defendants met this motion by a counter motion to be permitted to make and file a supplemental answer, and for a new trial. The proposed answer alleged, in effect, that since the decision of this court, and on November 13, 1903, the common council of the city had by resolution accepted the bid of the company, and awarded the contract to it, thereby ratifying the action of the council taken by motion; and, further, that a formal contract had been made between the parties, which both parties had in good faith performed up to the time of making the supplemental answer. The district court denied the motion of the relator and granted that of the defendants. The relator then presented his petition to this court, and secured the order to show cause now under consideration.

If the issues, either of law or fact, tendered by the supplemental answer are heard and determined in the ordinary course of judicial procedure, it is evident that the time limit of the contract will have expired before a decision can be had, and that the relator, if entitled to his injunction, will lose the fruits of his litigation. The contention of the relator is, in effect, that he had a clear, absolute legal right, by

virtue of the decision of this court in the original case, to have judgment entered therein in accordance with his motion, and that he has no other adequate remedy except by mandamus. His contention must be conceded if the assumed premises be correct, for this court has the undoubted power by the writ of mandamus to compel compliance with its orders and directions on a remand of a cause to the district court. It is, then, important to determine just what the legal status of the case was after it was remanded without direction on the reversal of the judgment. The effect of such a reversal depends upon the grounds on which it is based as expressed in the opinion of the appellate court, and on the remand the trial court is free to proceed in any manner not inconsistent with the opinion. Jordan v Humphrey, 32 Minn. 522, 21 N. W. 713; Burke v. Baldwin, 54 Minn. 514, 56 N. W. 173; Babcock v. Murray, 61 Minn. 408, 63 N. W. 1076; Johnson v. City of Stillwater, 62 Minn. 60, 64 N. W. 95; Cool v. Kelly, 85 Minn. 359, 88 N. W. 988.

The cases cited sustain and illustrate the proposition that, although the opinion of this court is conclusive of the case on the facts presented by the record before it, yet the trial court, where the remand is without direction, is free to grant a motion for a new trial on an amendment of the pleadings or a supplemental pleading for good cause shown. In such a case the action of the trial court is not inconsistent with the opinion of the appellate court, for it is based on facts not before that court. It follows, then, that if on the remand of the case no motion had been made by the defendants to be permitted to make a supplemental answer and for a new trial, the relator would have been entitled to judgment, but that the trial court had power to hear and determine the defendant's motion. The relator, however, claims that the court had no authority to allow a supplemental answer to be made after judgment, and that without such answer there was no basis for granting a new trial. Section 5270, G. S. 1894, provides that the plaintiff and defendant respectively may be allowed on motion to make a supplemental complaint, answer, or reply alleging facts material to the case occurring after the former complaint, answer, or reply. It is to be observed that the time within which such supplemental pleading may be allowed is not limited. Section 5266, G. S. 1894, provides that amended pleadings may be made "before or after judgment."

The fact that the right to allow an amended pleading before and after judgment is expressly given, but no such express provision is made as to allowing supplemental pleadings, is not significant. If we should hold that the right to allow a supplemental pleading after judgment is by implication denied, it not being expressly given, it would follow from the same course of reasoning that a supplemental pleading could not be made before judgment because the right to amend a pleading before judgment is expressly given by statute, but not in the case of supplemental pleadings. The result of this logic would be that a supplemental pleading could not be allowed either before or after judgment. The difference between an amended pleading and a supplemental one is that the former relates to facts occurring before pleading and the latter relates to facts occurring after pleading—a technical difference only. There is just as much reason for allowing the one after judgment as the other. We hold that a supplemental pleading may be allowed after judgment as well as before, in the furtherance of justice.

The last claim of the relator to be considered is that the supplemental answer states no defense. Its sufficiency, however, cannot be determined by mandamus unless it is so clearly apparent from a mere inspection of the answer that it states no defense, and that its allowance was a mere pretext to defeat the relator's motion for judgment. Any other rule would result in practice in the interruption of the orderly course of procedure in an action, and the determination of the sufficiency of the pleadings by mandamus.

The supposed exigencies of this case do not make it an exception to the rule. We are satisfied from an examination of the supplemental answer that its allowance was not a mere pretext, and that the question whether it states a defense is both important and doubtful, and that it should be determined in the usual course of judicial procedure.

Order to show cause discharged.