## STEERE & BALLAH v. GINGERY.

A variance between the complaint in an action by a broker for commissions, which alleges that the owner agreed to sell his land and to pay the broker a specified sum for procuring a purchaser willing to pay therefor a specified sum per acre, and the proof, which shows that the owner exchanged his land for other land, is fatal.

Where, in an action by a broker for commissions, the evidence showed that he was to receive $2 per acre from the owner if he received for his land $16 per acre, or the amount per acre in excess of $14 in case the owner did not receive $16, that the owner exchanged his land for other land, and that the contract for the exchange fixed the price of the owner's land at $16 per acre and the land received at $45 per acre, the owner could show the value of the land received in exchange, to enable the jury to determine whether or not he had received more than $14 per acre for his land.

A contract between an owner of South Dakota land and an owner of Illinois land stipulating that the former "sold" to the latter the South Dakota land at $16 per acre, and agreed "to accept as part payment" the Illinois land at $45 per acre, is a contract for the exchange of the lands, and not for a sale, within the Code, defining a sale as a contract by which for a pecuniary consideration called a price one transfers to another an interest in property, and defining an exchange as a contract by which parties mutually agree to give one thing for another, etc.; the price per acre being fixed in the contract to form a basis for an exchange, and no sale being intended by either party.

(Opinion filed, Feb. 13, 1907.)

Appeal from Circuit Court, Jerauld County. Hon. FRANK B. SMITH, Judge.

Action by Steere & Ballah against J. C. Gingery. From a judgment for plaintiffs and from an order denying a new trial, defendant appeals. Judgment and order reversed.

*T. H. Null,* for appellant. *E. E. Wagner* and *C. C. Glime,* for respondents.

CORSON, J. This is an action by the plaintiffs to recover of the defendant commissions alleged to have been earned by them

by the sale of certain lands in Jerauld county belonging to the defendant. Verdict and judgment being in favor of the plaintiff, the defendant has appealed therefrom and from the order denying a new trial.

In order for a proper understanding of the questions presented by this appeal, a brief statement of the facts will be necessary. In February, 1904, the defendant was the owner of a tract of land of about 3,000 acres in Jerauld county, in this state, which he was willing to sell or exchange for other lands; that about that time the plaintiffs, who were real estate brokers at Wessington Springs, in said county, learned from one Durkee, a real estate broker at Alexandria, Hanson county, that parties in Illinois had a farm of about 1,040 acres which they were willing to exchange for Dakota lands, and thereupon the plaintiffs called the attention of the defendant to the fact that the parties in Illinois had a farm which they might exchange for his lands, and that certain conversations were then had in regard to the commissions to be paid to the plaintiffs. Plaintiffs allege in their complaint, in substance, that they were real estate agents doing business at Wessington Springs, in this state, and that in February, 1904, the defendant entered into a contract with them, by the terms of which he stipulated that he would sell his land in Jerauld county, consisting of about 3,000 acres, "and the said defendant promised to pay the plaintiffs for finding a purchaser for said land at $16 per acre, the sum of two (2) dollars per acre, or the excess of the purchase price over $14 per acre in case they found a purchaser thereof at less than $16 per acre, as the plaintiffs' compensation for finding such purchaser"; that they found such purchaser, and that the defendant thereafter, in March of said year, conveyed his land to such purchaser at $16 per acre; that the defendant thereby became indebted to the plaintiffs in the sum of $5,724, for which they demanded judgment. At the close of plaintiffs' evidence defendant moved to strike out the same for the reason that there was a variance between the allegations of the complaint and the evidence in that the plaintiffs' evidence proved an exchange of the defendant's property for the farm in Illinois, and not a sale of the same as alleged in the complaint. This motion was denied. Defendant then

moved the court to direct a verdict in his favor "upon the ground that the plaintiff has not submitted any proof showing the value of the property received by the defendant in exchange for his land, by which it could be determined that the defendant had actually received $16 per acre." This motion was also denied. On the trial defendant offered evidence tending to prove that the value of the Illinois farm taken in exchange or payment for the land of the defendant was of less value than $45 per acre, and this evidence was excluded. The court in its instructions to the jury charged them in effect that the transaction between the defendant and the owners of the Illinois farm constituted a sale, and not an exchange of properties.

The appellant contends that the judgment of the court below should be reversed for the reasons (1) that the court erred in not granting the defendant's motion to strike out plaintiff's evidence because of variance between the evidence and the complaint; (2) that the court erred in not directing a verdict in favor of the defendant on the ground that plaintiffs had failed to prove the value of the Illinois land taken in exchange or payment for the defendant's Dakota land and in excluding defendant's evidence offered as to the value of the Illinois farm; (3) that the court erred in instructing the jury, in effect, that the transaction between the defendant and the owners of the Illinois farm constituted a sale of defendant's lands, and not an exchange of the same. In the view we take of the case the court erred in holding that the contract was one of sale, and not one of exchange, and therefore erred in denying defendant's motion to strike out plaintiff's evidence on the ground of variance between the allegations of the complaint and the proof, which was in substance, as before stated, that the defendant exchanged his Dakota lands for the Illinois farm, and the court also committed error in excluding the evidence offered by defendant tending to prove that the Illinois farm was not of the value of $45 per acre.

It is contended by the plaintiffs that, the price of the lands having been fixed in a contract between the defendant and the owners of the Illinois farm, the prices so fixed are conclusive upon the defendant, but we cannot agree with counsel in this contention.

The material parts of this contract are as follows: That 'said defendant, as party of the first part, "sold to the parties of the second part the following described real estate * * *; price $16 per acre. Parties of the first part agree to accept as part payment for same land, and the parties of the second part agree to give as part payment for said land the following described land. * * * Price of this land to be $45 per acre." It will be noticed that by this contract the price per acre of the tracts of land of the respective parties was definitely fixed, and the trial court seems to have taken the view that the contract was in effect a sale of the lands by the defendant, and hence there was no variance between the allegations of the complaint and the proof. This contract must be construed in the light of the surrounding circumstances. It is clear that, when this transaction was entered into, the defendant did not intend to buy the Illinois farm, and that the owners of that farm did not intend to purchase defendant's Dakota lands by paying cash or any considerable part in cash therefor, and the price fixed in the contract was evidently for the purpose of constituting a basis upon which an exchange of properties should be made, and not for the purpose of fixing definitely the value of the respective properties. The plaintiffs, it will be noticed, were not parties to this contract, and as between them and the defendant the prices fixed upon the respective lands cannot be held to be conclusive, and it is the duty of the court to carry into effect the intention of the parties in entering into the contract:

An analogous contract was construed in the case of Rockefeller v. Merritt, 76 Fed. 909, 22 C. C. A. 608, 35 L. R. A. 633, and the court held in that case that, notwithstanding the price of certain mining stocks were fixed by the terms of the contract, such prices were not conclusive upon the defendant, for the reason that the prices were fixed merely as a basis for the exchange of mining stocks of certain companies owned by the plaintiffs for consolidated mining stocks in a new company, and in the course of the opinion of that court, in speaking by Mr. Justice Sanborn, uses the following language: "One of the most satisfactory tests to ascertain the true meaning of a contract is made by putting ourselves in the place of the contracting parties when it was made, and then con-

sidering, in view of all the facts and circumstances surrounding them at the time of its execution, what the parties intended by the terms of their agreement. When their intention is thus made clear, it must prevail in the interpretation of the instrument regardless of inapt expressions or careless recitals. None of the parties to the contract were buying or selling or contemplating the purchase or sale of any of these securities for cash or its equivalent. The defendant was not selling and the Merritts were not buying his securities for cash, but he was simply exchanging them for bonds. Undoubtedly they might have found and agreed what the market values of all these securities were on a sale for cash. But casual expression and loose recitals cannot be permitted to establish such a contract. Nothing short of a plain stipulation to that effect ought to be permitted to prove it, in view of the fact that the determination of actual values was not necessary to the completion of the pending negotiation. The finding of the actual market value of these securities was not the object which the parties sought to accomplish by, or the intention with which they fixed, the values specified in the contract." The decision of the trial court which held that the defendant was bound by the prices fixed in the contract was reversed and a new trial granted.

The plaintiffs by the terms of their contract with the defendant as alleged in their complaint were to receive $2 per acre if defendant received for his lands $16 per acre, or the amount per acre in excess of $14 in case defendant did not receive $16 per acre. It was competent for the defendant to show the value of the Illinois farm in order that the jury might determine from the evidence whether or not the defendant had in fact received more than $14 per acre for his Dakota lands. If as a matter of fact the Illinois farm was not worth the $45 per acre, then the defendant did not receive $16 per acre in value for his Dakota lands, and the plaintiffs would not be entitled in any event to recover under the terms of their alleged contract an amount in excess of the actual difference in the value of the Illinois farm and the $14 per acre for defendant's Dakota lands. In excluding this evidence, therefore, the court was in error.

We are of the opinion, also, that the court erred in charging the jury that the transaction between the defendant and the owners of the Illinois farm constituted a sale, and not an exchange of the lands. Under our Code sale is defined as follows: "Sale is a contract by which, for a pecuniary consideration, called a price, one transfers to another an interest in property." Exchange is defined as follows: "Exchange is a contract by which the parties mutually give or agree to give, one thing for another, neither thing, or both things, being money only." In this case it is quite clear from the evidence that no sale was made or intended by either party to the transaction, and that the use of the word "sold" in the contract and the receipts of the Illinois farm in "payment" were clearly not used or intended to be used in their ordinary sense. If, as before stated, the Illinois parties had no intention of purchasing the defendant's Dakota land in any other manner than to take it in exchange for their Illinois farm, it is equally clear that defendant had no intention of purchasing the Illinois farm, except to take it in exchange for his Dakota land, and it will be noticed that the prices fixed in the contract were such that the Dakota lands were practically exchanged for the Illinois farm, and that under that contract the difference between the values of the two properties as fixed in the same was about $150, and that amount was released by the defendant, so that practically the two properties were exchanged one for the other; no money consideration passing on either side. Whether the transaction is an exchange of properties or a sale must depend very largely upon the nature of the transaction. If the defendant had sold his Dakota land to the Illinois parties at the price of $16 per acre, a large part of which was to be in cash and other lands or property to be taken in part payment, such a transaction might be regarded as a sale, but where, as in the case at bar, the only consideration received by the defendant for his Dakota lands was the farm of 1,040 acres in Illinois, it would be a perversion of the provisions of the Civil Code in regard to exchange and sales to hold such a transaction a sale, and, if such a construction of the transaction were given by this court, it would be exceedingly difficult to conceive of a case under our Code in which a transaction would not be regarded as a sale, instead of an exchange.

The learned circuit court was evidently misled by the fact that in the contract the prices per acre of the two properties were fixed, but, as we construe the contract, these prices per acre were fixed in the contract merely to form a basis for an exchange of the two properties.

Much reliance is placed by counsel for respondent upon the decision in the case of Wiedenfeld v. Gallagher, 24 S. W. 333, in which the learned Supreme Court of Texas held that a transaction in which a part of the consideration consisted of other properties constituted a sale, and not an exchange, but that case is clearly distinguishable from the case at bar, as in that case the sale was made for a money consideration and other properties were received in part payment, while in the case at bar the only consideration received by the defendant for his Dakota lands was the Illinois farm.

As the other questions presented may not arise on another trial, we do not deem it necessary to express any opinion as to them on this appeal.

The judgment of the court below and order denying a new trial are reversed.