## ASA A. SPICER v. HELEN STEBBINS.[1]

July 24, 1931.

No. 28,658.

*Murphy & Cook,* for plaintiff (respondent).

*Cobb, Hoke, Benson, Krause & Faegre* and *Fred F. Weddel,* for defendant (appellant).

PER CURIAM.

Motion by plaintiff to dismiss an appeal attempted to be taken by defendant from an order granting a new trial of the action.

Plaintiff sued to recover damages for personal injury received in an automobile accident, claimed to have been caused by negligence on the part of the defendant. The trial resulted in a verdict in favor of defendant. Plaintiff moved for a new trial on the ground among others of misconduct on the part of defendant and her counsel. The court granted the motion on the ground, as stated in its order, of misconduct of the prevailing party. Defendant in form appealed from the order, and plaintiff now moves to dismiss the appeal on the ground that the order is not appealable.

It is conceded that prior to the amendment of G. S. 1923 (2 Mason, 1927) § 9498(4) by L. 1931, p. 284, c. 252, the order was not appealable. Heide v. Lyons, 128 Minn. 488, 151 N. W. 139.

[1]Reported in 237 N. W. 844.

For the defendant the contention is that L. 1931, p. 284, c. 252, makes a radical change in the statute so that now all orders granting a new trial are appealable.

Section 9498(4) as it stood before the 1931 amendment read as follows:

"From an order refusing a new trial, or from an order sustaining a demurrer, provided that when an order granting a new trial is based exclusively upon errors occurring at the trial and it is so expressly stated in the order or memorandum of the trial court, an appeal therefrom may be taken *but in such case only.*

*"Provided further that where the trial court has once granted a new trial in the exercise of its discretion, on the ground that the evidence is not sufficient to support the verdict, an appeal may be taken from any subsequent order granting a new trial wholly or in part upon that ground.*

"Provided further that when upon the entry of an order overruling a demurrer, the trial court shall certify that the question presented by the demurrer is in his opinion important and doubtful, and such certification is made part of the order overruling the demurrer, an appeal from such order may be taken."

L. 1931, p. 284, c. 252, amends it to read as follows:

"From an order *granting or* refusing a new trial, or from an order sustaining a demurrer, providing that when an order granting a new trial is based exclusively upon errors occurring at the trial the court shall expressly state in its order or memorandum *the reasons for and the grounds upon which such new trial is granted and in such case* an appeal may be taken from such order.

"Provided further that when upon the entry of an order overruling a demurrer, the trial court shall certify that the question presented by the demurrer is in his own opinion important and doubtful and such certification is made part of the order overruling the demurrer, an appeal from such order may be taken."

Prior to 1913 the statute permitted an appeal from an order granting or refusing a new trial or from an order sustaining or

overruling a demurrer, without limitation. This practice encouraged and resulted in delays, frivolous appeals, and costly and useless appeals. To remedy this situation the legislature, by L. 1913, p. 699, c. 474, amended the statute so as to read as found in G. S. 1923 (2 Mason, 1927) § 9498. This abolished appeals from orders granting new trials, except where the order was granted exclusively on the ground of errors occurring at the trial and the court so stated in its order or memorandum, and except from orders granting a second new trial on the ground of insufficiency of the evidence.

Where a new trial is asked for on grounds other than errors of law occurring at the trial, the motion is largely addressed to the discretion of the trial court. The trial court is in a much better position than an appellate court to determine in its discretion whether in the interest of justice a new trial should be granted on the grounds of unsatisfactory or insufficient evidence, irregularities not amounting to errors of law, misconduct of jurors or of the parties, accident or surprise, excessive or inadequate damages, or newly discovered evidence. In that situation it has become the general rule, not alone in this jurisdiction but generally, that an order granting a new trial, on grounds other than errors of law occurring at the trial, will rarely be disturbed by an appellate court. This is quite clearly illustrated by the result of appeals from orders granting such new trials heard in this court before the amendment of 1913. In the period of about a year, from May 29, 1912, to July 1, 1913, when the amendment went into effect, some 16 or 17 appeals from orders granting new trials were decided by this court. Every one of these appeals was futile. In every case the order appealed from was affirmed.

If the legislature has clearly indicated by the language used in L. 1931, p. 284, c. 252, an intention to change the law so as to go back to the old practice, we are bound thereby. But in our opinion the act of 1931 is equivocal and doubtful and subject to different constructions. In that situation the intent of the legislature becomes important, and in seeking to find that intent the history and operation of the law as it existed prior to and since the amend-

ment of 1913 and the situation and circumstances existing at the time of the 1931 amendment may properly be taken into consideration.

When the legislature amends a practice act the presumption should be and is that it intends to aid the administration of justice, to better the practice, or to remedy some defect discovered in the operation of the existing law. The only criticism suggested of the 1913 act is that in granting a new trial exclusively on the ground of errors occurring at the trial the trial judge should have been required to specify in his order or memorandum the errors referred to so as to aid counsel and the appellate court in considering the appeal. This objection is now removed by the 1931 amendment, which requires the trial judge to state "the reasons for and the grounds upon which such new trial is granted."

The first sentence of the 1913 act starts out with the statement that an appeal may be taken "From an order refusing a new trial." But in the same sentence is contained the proviso permitting an appeal from an order granting a new trial exclusively on the ground of errors occurring at the trial. So that this one sentence permits appeals both from orders refusing new trials and from orders granting new trials. The author of the 1931 amendment and the legislature in enacting the amendment may well have considered that as the one sentence permitted appeals both from orders denying new trials and from orders granting new trials, it would be more logical and grammatical to start the sentence with the words, "From an order granting or refusing a new trial," and then later in the sentence to prescribe the limitation upon which orders granting a new trial should be appealable. We conclude that this is what was intended, and that the provision in the first part of the sentence for an appeal from an order granting a new trial is limited by the later proviso in the same sentence permitting an appeal from an order granting a new trial for errors occurring at the trial. So construed, we are not required to reject any of the words used in the amending act, but can give to the words permitting an appeal from an order granting a new trial, found in the first clause of the

sentence, the limited application indicated in the proviso in the same sentence. This we believe the wording of the act and the existing situation indicate was the legislative intent. This does no violence to the language of the act.

That the legislature intended to limit rather than to enlarge the right to appeal from orders granting new trials, under this construction, is further indicated by the omission from the law of the proviso for an appeal from an order granting a second new trial on the ground of insufficiency of the evidence. Construed as we have indicated, the act of 1931 is consistent, practical, and in harmony with modern legal development and practice.

Counsel call attention to the change in the last words of the proviso authorizing an appeal from an order granting a new trial on the ground of errors. The words "but in such case only" are omitted from the 1931 act. We do not deem this change material. Unless the proviso means, as we think it does, that an appeal from an order granting a new trial on the ground of errors can be taken only where the court makes the required statement in its order or memorandum, it becomes meaningless and mere surplusage. So the omission of the words stated does not change the proviso.

Several rules of construction of statutes are cited. We do not deem it necessary to state or discuss them here.

The appeal is dismissed.