CARL OLSON v. FRED G. AND BERTHA R. HEISE.
BERTHA R. HEISE v. CARL AND. ELIZABETH OLSON.[1]

Nos. 30,236, 30,237.

April 12, 1935.

*Albert Mohn* and *A. J. Rockne,* for appellants.
*Grannis & Grannis* and *Milton I. Holst,* for respondents.

[1]Reported in 260 N. W. 227, 261 N. W. 476.

HOLT, JUSTICE.

The two cases were tried together. The verdicts and the answers to special interrogatories established that Carl Olson was damaged by false representations with respect to the personal property purchased of the Heises in the sum of $300 and in respect to the farm in the sum of $1,700. It appears that in the spring of 1929 Carl Olson was the owner of a home in St. Paul, and Bertha R. Heise was the owner of a 160-acre farm in the town of Hay Creek, Goodhue county, equipped with the needful stock and farm machinery. The equity in the Olson home was valued at $3,200. The value of the farm was placed at $10,200 and the personal property at $3,000. The parties traded. Fred G. Heise acted for his wife in the deal. Of the equity in the home, $1,500 was applied on the personal property and $1,700 thereof on the purchase of the farm. The Olsons gave their promissory note for the balance of the personal property, viz. $1,500, secured by a chattel mortgage thereon, and Heises gave Olson a contract for deed, upon which $8,500 with interest was to be paid in instalments. Olsons defaulted. The chattel mortgage was foreclosed, leaving a balance due upon the note of $1,096.48 at the time the verdicts were rendered. There was also default in the contract for deed, and Heises proceeded to terminate the contract. Olson brought proceedings in court opposing cancellation, but no decision had been rendered therein when the trials here involved took place. After the rendition of the verdicts, Bertha R. Heise moved for judgment notwithstanding the verdict. The motion was granted and judgment entered for the full amount due on the note. But it was entered for such sum because the defendants in that action failed, after ten days' written notice, to file consent to have the judgment reduced by the sum of $300, the amount found by the jury to be the damage suffered from the misrepresentations respecting the personal property. In the case of Carl Olson, on defendants' motion, judgment in their favor was granted notwithstanding the verdict in his favor of $903.52. It was so entered because Olson failed to file written consent that $1,700, which the jury found he had been damaged by the Heises' false representations as to the

farm, be applied upon the $1,907.29 which the court found was then due and payable upon the contract for deed. Olson moved unsuccessfully to vacate both judgments. The Olsons appeal in each case from the judgments.

Upon the record before us both judgments must be reversed and the verdicts reinstated. The settled case does not show that in either case there was a motion by respondents for a directed verdict at the conclusion of the evidence. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5079. But even had there been, there could not be judgment notwithstanding the verdicts in either case, for the record shows that there is evidence to sustain a finding of damages in some substantial amount for misrepresentation of the herd of cows included in the personal property sold; and respondents practically concede that the special finding that Olson was damaged in the sum of $1,700 by the misrepresentations respecting the real estate is sustained by the evidence. To the charge of the court that if damages were found for misrepresentations, whether of the personal property or the real estate, or both, the jury should deduct therefrom the amount due on the note in suit and give a general verdict in favor of Olsons, the defendants therein, and return a general verdict in favor of Carl Olson in his suit against the Heises, the respondents took no exception according to the settled case. Neither did they demur to the Olsons' defense to the note that there were misrepresentations and damages resulting therefrom both as to the sale of the personal property and the real estate. The court in the order granting judgment notwithstanding the verdict in each case vacated the verdicts rendered. This would include the special findings. Where the verdicts are vacated, the judgments appealed from have no foundation to rest upon unless the prevailing parties were entitled to judgment on the pleadings or upon the evidence as a matter of law. The respondents were not so entitled on either ground.

As an explanation why the learned trial court directed judgments notwithstanding the verdicts, this may be added: The jury were confused as to how the findings as to damages should be expressed in the verdicts, and upon tendering the verdicts the court care-

fully ascertained what had been determined, and, among other statements, made a matter of record, is this:

The Court: "Now, I will repeat again as I understood it and as you stated before, you want Carl Olson to have $2,000 damages by reason of the fraud, $1,700 for damages for real estate and $300 for the cows, and that includes the total amount that he was damaged. Is that right?

The Jury: "Yes.

The Court: "So say you all?

The Jury: "Yes."

So the verdict was recorded in favor of defendants, the Olsons, in the suit of Bertha R. Heise on the note, and in the action of Carl Olson against the Heises, for $903.52 in his favor. It seems to us that upon this record a judgment entered in the note suit for the defendants therein ought to be final, since the Heises did not object to applying the damages found, whether from fraud respecting the personal property or the real property involved, upon the amount due on the note. The difficulty the court had in mind arose from the fact that in another proceeding pending before another judge the Heises were attempting to cancel the contract for deed held by Olson on account of default in the payments. Therefore, when the Heises moved for judgment notwithstanding the verdict the court, since Olson had taken an exception to applying any part of the damages resulting from misrepresentation of the farm upon the note, considered that there should be judgment on the note for $796.48, and that the $1,700 damages for misrepresenting the farm should not go into judgment but be applied on the instalments past due on the contract for deed. So the court deemed it essential to such judgments that Olson file his consent. This he refused to do. We need not consider whether the trial court could have directed judgments deviating from the theory upon which the cases were submitted and in disregard of the verdicts, for we are clear that the Heises are bound by the verdicts as entered and recorded. Whether the judgment in favor of Carl Olson, when entered, can be offset against anything due upon the

contract, if the Heises succeed in canceling the same, is a question not now for decision.

The judgments are reversed and the verdicts reinstated.

STONE, JUSTICE, took no part.

UPON APPLICATION FOR REARGUMENT.

On June 14, 1935, the following opinion was filed:

PER CURIAM.

Respondents petition for rehearing. It is claimed that this court misstated the record when saying: "and respondents practically concede that the special finding that Olson was damaged in the sum of $1,700 by the misrepresentations respecting the real estate is sustained by the evidence." We did not mean that in the trial respondents made any such concession. But by the motion for judgment notwithstanding the verdicts respondents so conceded, and the court below acted thereon, for their motion was predicated upon the proposition that the $1,700 awarded as damages for misrepresentations of the real estate should be applied upon the amount past due on the contract of purchase. The judgment appealed from so undertook to apply the damages. For reasons stated in the opinion, this could not be done upon the record before us.

Rehearing is denied.