STATE EX REL. CARL OLSON AND ANOTHER v. DISTRICT COURT OF GOODHUE COUNTY AND OTHERS.[1]

December 20, 1935.

No. 30,724.

*Albert Mohn,* for relators.

*Grannis & Grannis,* for respondents.

[1]Reported in 263 N. W. 908.

STONE, JUSTICE.

Two cases, consolidated for trial, which have been here before, 194 Minn. 280, 260 N. W. 227, 261 N. W. 476, return, this time on an alternative writ of *mandamus* (State ex rel. Broderick v. District Court, 91 Minn. 161, 97 N. W. 581) to the Honorable W. A. Schultz, one of the judges of the district court for the first judicial district, and others, which was procured in an effort on the part of the Olsons as relators to compel performance of what they consider was required by our mandate on the former appeal. Their complaint is that, notwithstanding that mandate, Judge Schultz has granted the motion of the Heises for a new trial, that motion not having been made until the going down of the mandate.

We need not restate many of the details. The two cases may now be considered as one, wherein the Olsons at the former trial procured a verdict for damages against the Heises. On motion, the verdict was set aside and judgment *non obstante* ordered for the Heises. Judgment was entered accordingly, and the Olsons appealed. We had no occasion to consider whether the Heises were entitled to a new trial, no such motion having been made by them. They stood on their motion for judgment notwithstanding.

Our former opinion concluded with this sentence: "The judgments are reversed and the verdicts reinstated." The clause "and the verdicts reinstated" added nothing. Automatically, the verdicts were reinstated by the mere reversal of the judgments. The whole case for the Olsons as relators in this proceeding is founded upon the erroneous assumption that our former decision, because it reinstated the verdicts, disposed of the cases finally and in their favor, without right on the part of the Heises to move for a new trial, and without power in the trial court to consider such a motion if made.

■ If the former appeal had been from an order denying a motion by the Heises for a new trial and we had affirmed, that would have been a bar to a further motion by them for a new trial (except possibly upon the ground of newly discovered evidence; Ricker v. J. L. Owens Co. 151 Minn. 314, 186 N. W. 702). But inasmuch as the claim of the defeated litigant to a new trial was

not presented, we had no occasion to consider it. The mere reversal of the judgment ordered notwithstanding the verdicts sent the case back with the verdicts reinstated but subject to the right of the Heises to move for a new trial. Clearly, if their motion had been in the alternative for judgment notwithstanding or a new trial, and judgment notwithstanding had been granted, without any order on the motion for a new trial, a reversal would have sent the case back subject to the right of the Heises to renew, and of the court to consider and rule upon, their motion for a new trial. The case was left in the same status by our former decision. The Heises having stood, mistakenly, on their supposed right to judgment *non obstante,* the question of a new trial not having been considered, the case simply went back to the trial court subject to the right of the Heises to make, and of the trial court to consider and rule upon, their motion for a new trial. "The effect of such a reversal depends upon the grounds  *  *  * expressed in the opinion of the appellate court, and on the remand the trial court is free to proceed in any manner not inconsistent with the opinion." State ex rel. Broderick v. District Court, 91 Minn. 161, 163, 97 N. W. 581, 582. See also Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623.

On its former appearance here the record was incomplete. Portions were omitted from the settled case, as the statute (2 Mason Minn. St. 1927, § 9328) permits. Upon the return of the cause to the district court, it was for that tribunal to say whether the settled case should be amplified. "In its discretion and upon proper terms," the court may "grant leave to propose a bill or case," even after the time allowed by 2 Mason Minn. St. 1927, § 9329. All we decided was that the order for judgment notwithstanding the verdicts was erroneous. That and that only we reversed.

The power and discretion exercised by the trial judge in such a case as this are his rather than ours. Our opinion did not put an end either to his power or discretion. On the former appeal the merits of the case from the standpoint of the Heises' motion for a new trial were not before us and so not considered. Had the merits of the case been considered and determined, it would be otherwise.

When a reviewing court has announced its decision on the merits, it will be the exceptional case where the trial court may proceed save in strict accord. Such a case was presented by supplemental pleading, after the remittitur, in State ex rel. Broderick v. District Court, 91 Minn. 161, 97 N. W. 581.

■ When the motion of the Heises for a new trial was about to be heard there was filed on behalf of the Olsons an affidavit of prejudice. The judge proceeded to hear and determine the motion. His action was proper and the only thing open to him. After a case has been tried, the trial judge cannot, by an affidavit of prejudice, be ousted of jurisdiction or power to proceed. The statute (2 Mason Minn. St. 1927, § 9221) permitting such an affidavit has no such intention. It was not the design to permit the long-standing rule of propriety to be set aside which prescribes that the trial judge shall hear and determine a motion for new trial. State ex rel. Pederson v. Qvale, 187 Minn. 546, 246 N. W. 30.

■ Upon the arguments below, Judge Schultz announced to counsel that the motion of the Heises for a new trial would be granted. For some reason not apparent, counsel for relators, the Olsons, caused judgment to be entered in their favor on the verdict. That was a futile and meaningless gesture, for the judgment was automatically annulled by the order granting a new trial. Entry of judgment was no bar, in this case, to the motion. Noonan v. Spear, 125 Minn. 475, 147 N. W. 654. The Heises moved as promptly as they could. Had the time expired for appealing from the judgment, it would have been final. Smith v. Minneapolis St. Ry. Co. 134 Minn. 292, 157 N. W. 499, 159 N. W. 623.

We cannot leave the case without reprehension of those portions of the petition and argument for relators which attack violently and scandalously not only the actions but also the motives of the trial judge. If anything worthwhile were to be gained by ordering them stricken from our records, that course would be taken. It is enough, we hope, to say that they were highly improper and amount to professional misconduct on the part of their author.

The writ is discharged.