CARL OLSON v. FRED G. AND BERTHA R. HEISE.
BERTHA R. HEISE v. CARL AND ELIZABETH OLSON.[1]

May 29, 1936.

Nos. 30,890, 30,891.

See 194 Minn. 280, 260 N. W. 227, 261 N. W. 476; 196 Minn. 56, 263 N. W. 908.

*Albert Mohn* and *A. J. Rockne,* for appellants.

*Arthur E. Arntson,* for respondents.

JULIUS J. OLSON, JUSTICE.

For the third time the parties in this cause are appearing here. The first appeal came before us in Olson v. Heise, 194 Minn. 280, 260 N. W. 227, 261 N. W. 476. The second review appears in State ex rel. Olson v. District Court, 196 Minn. 56, 263 N. W. 908.

[1]Reported in 267 N. W. 425.

Upon the first appeal there was a reversal of the judgments entered below. After the mandates went down to the trial court the Heises moved for new trial in each case. That matter came before the court on appropriate motion August 14, 1935. On that date the court announced to counsel that the motion of the Heises for a new trial would be granted, and one of counsel for the Heises was directed to prepare a formal order. That was done, and written orders were duly executed by the court on August 23, *"nunc pro tunc* for August 14, 1935." On August 16 counsel for the Olsons caused judgments to be entered upon the verdicts. Shortly thereafter they sought by *mandamus* in this court to make for naught these orders of the trial court. That was their second appearance here. 196 Minn. 56, 59, 263 N. W. 908, 909. We there held that the entry of judgments on the part of counsel for the Olsons "was a futile and meaningless gesture." Counsel was evidently of the same view then because review by appeal was expressly stated to be nonexistent and was assigned as the compelling reason why *mandamus* should issue. They said "relators have no remedy by appeal"; and further: "An appeal from an order granting a new trial cannot be taken unless the order, or a memorandum made a part thereof, expressly states that the order is based exclusively upon errors occurring at the trial." Many cases were cited in support of that position. That they were then right and equally wrong now seems clear.

The present attempted appeals are from the separate orders of the trial court "that the motion * * * for a new trial is in all respects granted and the verdict of the jury is hereby set aside and a new trial granted."

The basis for each appeal is premised upon the claim that as these orders in effect set aside the judgments caused to be entered by counsel for the Olsons thereby the same became appealable under the rule laid down in several of our cases, the latest being Kruchowski v. St. Paul City Ry. Co. 195 Minn. 537, 263 N. W. 616, 265 N. W. 303, 821.

We are met at the outset with motions made by counsel for the Heises to dismiss the appeals for the reason heretofore indicated.

What we said in our former opinion, 196 Minn. 56, 59, 263 N. W. 908, 909, is just as true now as it was then. The pretended judgments were and still remain "meaningless gestures." To permit an appeal by indirection where none is permitted directly is unthinkable.

The effect of L. 1931, c. 252, was given careful consideration in Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844, 845. The following quotation therefrom (184 Minn. 79) is appropriate here:

"Where a new trial is asked for on grounds other than errors of law occurring at the trial, the motion is largely addressed to the discretion of the trial court. The trial court is in a much better position than an appellate court to determine in its discretion whether in the interest of justice a new trial should be granted on the grounds of unsatisfactory or insufficient evidence, irregularities not amounting to errors of law, misconduct of jurors or of the parties, accident or surprise, excessive or inadequate damages, or newly discovered evidence. In that situation it has become the general rule, not alone in this jurisdiction but generally, that an order granting a new trial, on grounds other than errors of law occurring at the trial, will rarely be disturbed by an appellate court."

The conclusion there reached is so lucidly stated in the syllabus that same should, for the sake of avoiding similar attempts to what is here sought, be quoted:

"L. 1931, p. 284, c. 252, is construed as not authorizing an appeal from an order granting a new trial except where such order is based exclusively upon errors occurring at the trial and the trial court expressly states in its order or memorandum the reason for and the grounds upon which such new trial is granted."

Each appeal is dismissed.