## MELVIN THOMPSON v. GEORGE MANN AND OTHERS.[1]

March 4, 1938.

Nos. 31,575, 31,578.

*A. J. Rockne, M. C. Rockne,* and *E. B. Rockne,* for appellant.
*Albert Mohn,* for respondents George and Arthur Mann.
*G. P. Mahoney* and *John S. Morrison,* for respondents Backstrom
& Midness.

PER CURIAM.

After verdict in favor of plaintiff, defendants' motions for new
trial were granted. Two orders were made, attached to which were
memoranda made part of the orders. In the memorandum made
part of the first order the court below stated that a new trial was
granted because of failure of plaintiff to prove that he was adminis-
trator, as alleged in the complaint. Another alleged error was dis-
cussed but not passed on because it was not before the court. Upon
application of plaintiff, the court reconsidered the matter. A sec-

[1]Reported in 278 N. W. 153.

ond order was made, confirming the first order granting a new trial, but different reasons were stated. In the memorandum attached to the second order the court concluded that a new trial was not properly granted upon the grounds stated in the memorandum attached to the first order. The court considered and discussed some other alleged errors and held that there was no error in the respects alleged. The memorandum concludes by stating that probably this was a case for judgment notwithstanding the verdict, without stating the reasons, but the court said that it did not hold that a case could not be made for the jury.

An appeal may be taken from an order granting a new trial after verdict only when the order granting a new trial is based exclusively on errors of law occurring at the trial, and the court expressly states in its order or memorandum the reasons for and the ground upon which such new trial is granted. L. 1931, c. 252, 3 Mason Minn. St. 1936 Supp. § 9498(4). The statute does not purport to permit an appeal from an order granting a new trial after verdict except in the instance stated. In order to render the order granting a new trial appealable, the order or the memorandum must expressly state that the new trial is granted exclusively for errors of law occurring at the trial, and the alleged errors of law upon which the order is based must be expressly stated therein. Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64; Olson v. Heise, 197 Minn. 441, 267 N. W. 425; Kelly v. Bowman, 201 Minn. 365, 276 N. W. 274.

The first order does not come within the rule stated because it does not state that the new trial was granted because of errors of law occurring at the trial. The basis of the order—the failure of plaintiff to prove that he was administrator—is insufficiency of the evidence to sustain the verdict, which is not an error of law occurring at the trial. Backstrom v. New York L. Ins. Co. and Kelly v. Bowman, supra. The second order does not specify any error of law occurring at the trial. It recanted the grounds stated in the first order. It appears inferentially that the reason for granting a new trial was that the court was not altogether satisfied with the

verdict. This is not an error of law occurring at the trial, but is the exercise of a trial court's discretion to grant new trials. The order is not appealable, and the appeal should be dismissed. The defendants Backstrom and Midness dismissed their appeal in open court, thus leaving for consideration only plaintiff's appeal.

Plaintiff's appeal is dismissed.

MR. JUSTICE STONE, because of illness, took no part in the consideration or decision of this case.