ST. ANTHONY FALLS BANK v. ARTHUR GRAHAM and Another.[1]

January 27, 1897.

Nos. 10,367—(237).

**Appealable Order.**

The plaintiff made an alternative motion for judgment notwithstanding the verdict, pursuant to Laws 1895, c. 320, or for a new trial. The trial court made its order denying the first request, and granting the plaintiff a new trial. The plaintiff appealed from the part of the order denying its motion for judgment. *Held*, that no appeal lies from such part of the order.

[1] Reported in 69 N. W. 1077.

Appeal by plaintiff from that part of an order of the district court for Stearns county, Baxter, J., which denied its motion for judgment notwithstanding the verdict.    Dismissed.

*A. A. Stone*, for appellant.

*Miner & Barto* and *D. T. Calhoun*, for respondent.

START, C. J.    This is an action on a promissory note made by defendants.    The answer alleges that the defendants signed the note when they were intoxicated.    The trial court ordered a verdict against the defendant Arthur Graham for the amount of the note, and the jury returned a verdict in favor of Thomas Graham.    The plaintiff then made an alternative motion for judgment in its favor against Thomas Graham notwithstanding the verdict, or for a new trial as to such defendant.    The trial court denied so much of the motion as asked for judgment absolute, and granted a new trial. The plaintiff appealed from so much of the order as denied its motion for judgment.

The contention of the respondents that the order is not appealable is sustained.    An order granting or denying a motion for judgment notwithstanding the verdict, made pursuant to Laws 1895, c. 320, is simply an order for judgment or one refusing a judgment, and it is therefore, standing alone, not appealable.    Ames v. Mississippi B. Co., 8 Minn. 417 (467);  McMahon v. Davidson, 12 Minn. 232 (357); Rogers v. Holyoke, 14 Minn. 387 (514);  Croft v. Miller, 26 Minn. 317, 4 N. W. 45;  State v. Bechdel, 38 Minn. 278, 37 N. W. 338.    Such an order can only be reviewed by appeal from a judgment or from an order granting or denying a motion for a new trial, except that, when the motion for judgment is blended with a motion for a new trial, pursuant to Laws 1895, c. 320, on an appeal from the order disposing of such motion the action of the trial court in directing or refusing judgment regardless of the verdict may be reviewed.    Kernan v. St. Paul C. R. Co., 64 Minn. 312, 67 N. W. 71.

If the party moving for judgment notwithstanding the verdict does not desire a new trial, but to stand upon the record, he should move for judgment without asking for the alternative relief of a new trial. Then, if either party wishes to review the order made on such motion, he can have judgment entered in accordance with the order, —that is, on the verdict or notwithstanding it,—and appeal from

the judgment, and have the order reviewed as an intermediate one affecting the merits. But if the defeated party is unwilling to stand or fall on his claim to a judgment in his favor upon the record as a matter of strict legal right, he may blend his motion for judgment with one for a new trial. If his motion is wholly denied, he may appeal from the order, and review the action of the trial court upon either or both of the alternative motions so united. If any part of his motion is granted, the adverse party may appeal from the order disposing of the motion. Kernan v. St. Paul C. R. Co., supra.

Where, however, as in the case at bar, the trial court grants the alternative request of the moving party for a new trial,—a matter resting in a large measure in the discretion of the court,—and denies the balance of the motion, he cannot, after securing a new trial, appeal only from so much of the order as denied his alternative motion for judgment, leaving the order for a new trial in full force. The effect of the unconditional order in this case for a new trial is to entirely set aside the trial, with all its evidence and proceedings, and the case now stands for trial precisely as if no trial had ever been had. There are now in the case no proceedings or evidence upon which a judgment can be based. Hemstad v. Hall, 64 Minn. 136, 66 N. W. 366.

Whether the plaintiff, by appealing from the whole order, might have reviewed the action of the court in denying its motion for judgment, it is unnecessary for us to here decide, but it would seem that, if it did not want a new trial, it ought not to have asked for it. However this may be, it is clear that it cannot accept the part of the order annulling the trial and granting it a new one, and appeal from the part which denies its motion for judgment.

Appeal dismissed.