ROBERT WESTACOTT v. CHARLES HANDLEY and Another.[1]

January 14, 1910.

Nos. 16, 195—(13).

**Renewal Note — Surrender of Old Note.**

Where an agreement is made that a new note shall be given in renewal of an old note and that the old note shall be surrendered, and where the old note is not in fact surrendered, no action can be maintained on the new note.

**Same — Written Contract.**

This rule, however, does not apply to this case. Here the parties, upon the execution of the new note in renewal of an old note, which plaintiff had taken as a bona fide purchaser for value before maturity, which had upon it the indorsement of certain third parties, had agreed in writing that upon payment of the new note plaintiff would release defendant from indebtedness to himself or to named third parties as to this and certain other notes. Plaintiff was ready to perform the contract; defendant refused and failed so to do. It is *held* that the written contract controlled, and that plaintiff was entitled to judgment absolute.

**Appeal — Directed Verdict.**

The jury returned a verdict for defendant. Plaintiff appealed from the whole of an order of the trial court, which denied his motion for judgment absolute and granted his motion for a new trial. On the record plaintiff was entitled to have a verdict directed in his favor. It is *held* that the appeal lay, and that judgment notwithstanding the verdict should be directed in plaintiff's favor. Kalz v. Winona & St. Peter Ry. Co., 76 Minn. 351, 79 N. W. 310, followed and applied.

---

Action in the district court for Nicollet county to recover upon a promissory note for $560. The defenses were no consideration and

[1] Reported in 124 N. W. 226.

false representations which induced defendants to sign the note in suit. The reply was a general denial and alleged that in order to obtain an extension of time on another note executed by defendant, the defendants executed the written agreement set out in the opinion and plaintiff's readiness to furnish the release mentioned in that agreement. The case was tried before Olsen, J., and a jury which rendered a verdict in favor of defendants. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, both parties appealed. Reversed and judgment ordered for plaintiff, notwithstanding the verdict.

*Davis & Olsen*, for plaintiff.

*Schmidt & Newman*, for defendants.

JAGGARD, J.

Plaintiff brought an action to recover judgment on a promissory note dated November 15, 1907. Defendants' answer alleged that the said note was without consideration, and also asserted a defense based on fraud, a fuller statement of both of which it is convenient to make subsequently. The reply contained a general denial, and pleaded other facts more specially, as will subsequently appear herein. The jury returned a general verdict for defendants. Defendants appealed from the order of the trial court granting a new trial. The court denied a motion to direct judgment in plaintiff's favor notwithstanding the verdict, and granted plaintiff a new trial. The plaintiff appealed from the order granting a new trial and refusing to direct a verdict for plaintiff, and from the whole thereof.

The first controversy presented for determination concerns the failure of consideration of the note. The transactions were conducted by plaintiff and defendant Charles Handley, who will hereafter be for convenience referred to as defendant. On May 18, 1907, defendant executed his note for $568.75, due October 15, to John Sims. Sims indorsed this note, and guaranteed its payment at maturity to Wright, Ruggles & Co., for valuable consideration. Before its maturity and in the regular course of business they transferred the note to plaintiff. Upon its nonpayment after maturity, and on November 15, 1907, the defendant Charles Handley, with

his wife, Catherine Handley, executed in renewal a note to the order of plaintiff for $560, due January 1, 1908. Defendant had previously executed other notes to Sims, which he had transferred to Wright, Ruggles & Co., inferentially as collateral. On the date of the note in question the plaintiff and defendant signed a written agreement as follows:

"This agreement, made and entered into this fifteenth day of November, 1907, by and between Charles Handley, of St. Peter, Minn., party of the second part, and Robert Westacott, of Grand Forks, N. D., party of the first part, witnesseth: That the said Charles Handley does this day give his promissory note to the said Robert Westacott for five hundred and sixty dollars ($560), dated November the fifteenth, 1907, and due on or before January first, 1908, and when said note is paid the said Westacott agrees to release said Handley of any indebtedness to himself or to the firm of Wright and Ruggles & Co., of Crookston, Minn., as to certain notes given by Charles Handley to one John Sims, of Crookston, Minn."

On December 29, 1907, defendant wrote plaintiff, insisting that plaintiff had "promised to deliver over those smaller notes on payment of that note you hold against me which falls due January 1, 1908," and advised him that he had made arrangements at a named place "for the payment of your note on delivery of those Sims notes, with your note, according to contract. * * *" Plaintiff replied, saying among other things: "You are entirely mistaken in your understanding of it. The contract states that I, for myself and for the Wright-Ruggles Co., release you of all claims we have against you concerning those notes upon payment of the $560 and int., which we will gladly do. I could not agree to surrender you the notes, which I do not own nor ever had. The notes, as I understand it, belong to Sims, and are past due, and therefore not negotiable, and cannot be collected by him." A postscript added: "Have received letter from Wright, Ruggles & Co. They will release you from all claims to them, and agree to hold the notes for you unless Sims should demand them, when, of course, they would have to give them up to him. And, as I said before, they are not worth the paper they are written on to him."

The written contract concerning the payment of this note controls. No evidence of any oral contemporaneous agreement inconsistent therewith was admissible. Plaintiff had agreed, at the time of the execution of the new note, to release defendant of any indebtedness to himself or as to the firm of Wright, Ruggles & Co. as to the smaller Sims notes. He did not undertake to deliver the notes themselves. The defendant neither paid nor offered to pay the notes. They were overdue and unpaid. So far as this feature of the case is concerned, plaintiff is entitled to judgment absolute.

Defendant, however, contends that there was an agreement to the effect that the new note was given in renewal of the old one and that the old one should be surrendered; that in point of fact the old one was not surrendered, and therefore no action could be maintained on the new note. Heeg v. Weigand, 33 Ind. 289; Armstrong v. Cook, 30 Ind. 22; Pittsburgh Steel Co. v. Buckley, 51 Super. Ct. (N. Y.) 342; Miller v. Ritz, 3 E. D. Smith (N. Y.) 253. It is obvious that this principle is not applicable. Here was a special and exclusive contract, which plaintiff was ready to perform, and defendant neither offered to perform nor performed.

2. Plaintiff had moved the court to direct a verdict in his favor. That motion was denied. He thereafter moved the court that judgment be entered in his favor or for a new trial. The court denied the motion for judgment, but granted the motion for a new trial. Plaintiff appeals from the order as a whole. He was entitled to thus appeal, and have reviewed in this court that part which denied his motion for judgment. Kalz v. Winona & St. Peter Ry. Co., 76 Minn. 351, 79 N. W. 310. In Gay v. Kelley, supra, page 101, 123 N. W. 295, as in St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077, and other cases, the appeal was from a part of the court's order only. This serves to distinguish the case. It follows from previous considerations that plaintiff was entitled to a directed judgment, and that the order of the trial court must be and is hereby reversed, with direction to enter judgment notwithstanding the verdict.

Reversed.