# JOHN KOMMERSTAD v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 24, 1914.

Nos. 18,619—(71).

**Order not appealable.**

1. An order based upon an alternative motion for judgment notwithstanding the verdict or a new trial, denying the motion for judgment but granting a new trial, on the ground that the verdict was not sustained by the evidence, is not an appealable order.

**Rule of court changed by statute.**

2. The former rule of the court sustaining the right of appeal from such

[1] Reported in 146 N. W. 975.

orders was abrogated by chapter 474, Laws 1913, by which an appeal from orders granting new trials, except in certain instances, was abolished and taken away.

Action in the district court for Lyon county to recover $30,000 for injury received while in the employ of defendant as section man. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which rendered a verdict for $10,000 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict and granting a new trial, defendant appealed. Appeal dismissed.

*James H. Hall, Aikens & Judge* and *M. L. Countryman,* for appellant.

*Davis & Michel* and *John I. Davis,* for respondent.

BROWN, C. J.

This action was brought to recover for personal injuries alleged to have been caused by the negligence of defendant. A verdict was returned for plaintiff on the trial below. Thereafter defendant moved in the alternative for judgment notwithstanding the verdict or a new trial. The trial court denied the motion for judgment, but granted a new trial upon the ground that the evidence was insufficient to sustain the verdict. The two orders, as is usual in such cases, were embodied in one, from which defendant appealed. At the hearing in this court plaintiff's counsel made the point that the order is not appealable and, therefore, that the appeal should be dismissed. The point is well taken and must be sustained.

Under the statute on the subject of appeals, as amended by chapter 474, p. 699, Laws 1913, (section 8001, G. S. 1913), an order granting a new trial is not appealable, except when based exclusively upon errors occurring at the trial. No appeal lies from such an order when granted upon the ground that the evidence is insufficient to support the verdict, except it be a second or third order based upon the same ground. The new trial in this case was ordered on that ground, and under the amended statute the order is not appealable.

An order denying a motion for judgment notwithstanding the verdict is not appealable, and our decisions are uniform in so holding. Oelschlegel v. Chicago G. W. Ry. Co. 71 Minn. 50, 73 N. W. 631; 4 Notes to Minn. Reports, 352. So that in the case at bar we have two nonappealable orders, embodied in one, and the fact that they are so blended does not give them an appealable character. In other words the joinder of two nonappealable orders does not transform them into one that is appealable. Under the practice prior to the amendment of the statute referred to, the right of appeal from an order like that here involved was sustained, (St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; 4 Notes to Minn. Reports, 219), and the right to review the order denying the motion for judgment on such an appeal was given by the last clause of section 4362, R. L. 1905. The former rule, and also the clause of the statute referred to, necessarily were based upon the fact that one of the orders, namely, the order granting a new trial, was then appealable. But the reason for the rule as well as the basis for that statute, ceased and ended when the amended statute (chapter 474, p. 699, Laws 1913) abolished the right of appeal from an order granting a new trial, except when based upon errors occurring at the trial. Section 4362, supra, was enacted when the right of appeal in this respect was unrestricted. And though it was re-enacted in 1913 (chapter 245, p. 366) with some modifications, yet retaining the provisions that an order denying the alternative motion for judgment might be reviewed on appeals of this kind, the chapter abolishing the right of appeal (chapter 474) was subsequent in point of time, the former having been approved April 11, and the latter April 24, and being inconsistent therewith in this respect, must prevail, under the general rule that where two inconsistent statutes are enacted at the same session of the legislature, the first must give way to the last, as the latest expression of the law-making power. Under the present statutory provisions upon the subject, plaintiff could not appeal from the order granting a new trial, nor could he have appealed from the whole order had the defendant's motion for judgment been granted. The order so made would be a mere order for judgment, and not appealable. And there seems no good reason why a defendant in such

a case should have a right or privilege not enjoyed by the plaintiff, his adversary.

The object of the legislature in changing the statute was to limit appeals to this court upon questions of fact, and to avoid the presentation of such questions a second or third time, the whole purpose of which will be wholly nullified if orders of this kind are still to be held appealable. The intention of the law should not be thus circumvented, but the spirit thereof upheld and applied. The litigant is in no sense prejudiced. He has the undoubted right to present to this court the question whether the verdict of a jury is sustained by sufficient competent evidence, but he has no vested right to repeated appeals for the purpose of presenting the same question. He is entitled to a hearing upon that question and that is given in all cases upon an appeal from the final judgment.

The rule of our former decisions upon this subject, must, therefore, be understood as abrogated or changed by the amended statute, and that orders of this kind are no longer appealable.

Appeal dismissed.