## EVA GREENBERG v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

January 14, 1916.

Nos. 19,604—(202).

**Order not appealable.**

> Plaintiff had a verdict. Defendant moved for judgment notwithstanding the verdict or for a new trial. The court granted a new trial and denied the motion for judgment. The new trial was not granted exclusively for errors occurring on the trial. Defendant appealed from the whole order. *Held* that chapter 31, Laws 1915, does not repeal that part of chapter 474, Laws 1913 (G. S. 1913, § 8001), which permits an appeal to be taken from an order granting a new trial in a certain specified case only, and that (following Kommerstad v. Great Northern Ry. Co. 125 Minn. 297, 146 N. W. 975), the order herein is not appealable.

Action in the district court for Hennepin county to recover $2,000 upon defendant's benefit certificate upon the life of Shina Greenberg. The case was tried before Dickinson, J., who at the close of the testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,822. From an order denying its motion for judgment notwithstanding the verdict and granting its motion for a new trial, defendant appealed. Dismissed.

*Harry S. Swenson* and *William G. White,* for appellant.
*A. R. Chesnut* and *Thomas R. Kane,* for respondent.

SCHALLER, J.

The plaintiff, beneficiary under a life insurance certificate issued by the defendant to Shina Greenberg, began an action to recover the sum due under the terms thereof.

—————
[1] Reported in 155 N. W. 1053.

Defendant answered, denying liability, alleging Shina Greenberg's expulsion from the society during her lifetime and her acquiescence in such expulsion.

The action was tried to a jury. Plaintiff had a verdict. Defendant moved for judgment notwithstanding the verdict or for a new trial. The court entered an order granting a new trial and denying the motion for judgment. Defendant appealed.

The new trial was not granted exclusively for errors occurring on the trial.

The statute, chapter 474, p. 699, Laws 1913 (G. S. 1913, § 8001, subd. 4), provides that an appeal may be taken to this court from an order granting a new trial based exclusively upon errors occurring on the trial when it is so expressly stated in the order or memorandum of the trial court, and that an appeal can be taken in such case only. It has been held that an order denying judgment notwithstanding the verdict is not appealable. We thus have the same question presented in Kommerstad v. Great Northern Ry. Co. 125 Minn. 297, 146 N. W. 975, in which it is held that an appeal may not be taken from an order granting a new trial, except where the new trial is granted for errors of law occurring at the trial and in such case only, and that an order denying judgment notwithstanding the verdict is not appealable. It follows that this appeal must be dismissed unless chapter 31, p. 37, Laws 1915, repeals *pro tanto* chapter 474, p. 699, Laws 1913. Chapter 31, p. 37, Laws 1915, is a re-enactment *in haec verba* of section 4362, R. L. 1905, which was itself a codification of chapter 320, p. 729, Laws 1895, and which, so far as this inquiry is concerned, is original legislation.

Section 4362, R. L. 1905, was amended in 1913 by chapter 245, p. 336, Laws 1913. The amendment consists of the requirement that, where a motion for a directed verdict is made, the same shall be denied if objected to by the plaintiff. This act (chapter 245, p. 336, Laws 1913), retains the provision of section 4362, R. L. 1905, that "if the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be so entered, when it appears from the testimony that a verdict should have been so directed at the trial; and it may also so order, on appeal from the whole order denying such motion when made in the alternative form, whether

a new trial was granted or denied by such order." This provision is retained unchanged in chapter 31, p. 37, Laws 1915. The question arises whether the legislature, by continuously retaining this provision in the act, intended to grant an appeal from orders which, by the decision of this court in Kommerstad v. Great Northern Ry. Co. supra, had expressly been held to be nonappealable. If it should be decided that an appeal lies in such a case, the result would be that chapter 474, p. 699, Laws 1913, (so far as it makes an order granting a motion for a new trial nonappealable), has been repealed by implication. To so hold would give to the defendant an undue advantage. He could appeal in every case and compel this court to review an order denying judgment notwithstanding the verdict whether the motion for a new trial had been granted or denied. We do not think that the legislature intended to grant to the defendant and deny to the plaintiff a right to which both parties ought to be equally entitled.

The mere fact that the legislature by chapter 31, p. 37, Laws 1915, retained in the statute the language of section 4362, R. L. 1905, cannot be construed to repeal that part of chapter 474, p. 699, Laws 1913, which provides that an order granting a new trial may be appealed from in the case therein specified and in none other.

Appeal dismissed.