ROY GUEST v. NORTHERN MOTOR CAR COMPANY.[1]

June 10, 1921.

No. 22,169.

**Grant of new trial because of insufficient evidence appealable, when.**

1. An order granting a new trial for insufficiency of the evidence to sustain the verdict, is appealable where a previous verdict in favor of the appellant has been set aside on the same ground. It is immaterial whether the two orders were made by the same judge or by different judges.

**Vacating second verdict for same reason as the first.**

2. The court, in passing on the insufficiency of the evidence to support the second verdict, was in the exercise of the same judicial discretion called for in passing on the first, with the limitation that great caution should be used in vacating a second verdict when the first was vacated on the same ground.

**Discretion of court.**

3. There was no abuse of discretion in the instant case.

Action in the municipal court of Minneapolis to recover $953.84 for breach of warranty in the sale of a tractor. The case was tried before Baldwin, J., and a jury which returned a verdict for $90. From an order granting a new trial, plaintiff appealed. Affirmed.

*Courtney & Courtney,* for appellant.

*Jamison, Stinchfield & Mackall,* for respondent.

HOLT, J.

Plaintiff sued for the breach of a warranty given upon the sale of a tractor. The jury returned a verdict for the full purchase price paid. On defendant's motion for a new trial because of excessive damages, the court made an order that, if plaintiff returned the tractor to defendant within a given time, the motion would stand denied, but if

[1] Reported in 183 N. W. 147.

plaintiff failed to return it there should be a new trial upon the sole issue of the value of the tractor. Plaintiff refused to return the tractor and a trial was had before another judge, resulting in a verdict finding its value to be $90. Defendant moved for a new trial because of inadequacy of the verdict. Plaintiff appeals from the order granting the motion.

Defendant contends that the order is not appealable. But subdivision 4, § 8001, G. S. 1913, contains this: "Provided further that where the trial court has once granted a new trial in the exercise of its discretion, on the ground that the evidence is not sufficient to support the verdict, an appeal may be taken from any subsequent order granting a new trial wholly or in part upon that ground." The damages awarded plaintiff in the first trial as well as the inadequate valuation fixed upon the tractor in the second trial, which results in again awarding plaintiff large damages, were alike deemed excessive because of the insufficiency of the evidence to support the sum awarded. So that the appeal comes within the express provision quoted. We do not think the fact that the two orders granting the new trials were not made by the same judge affects the question. The statute was enacted to protect the rights of the litigants. We hold the order appealable. ·

But we do not sustain plaintiff's contention that the court presiding in the last trial must permit the verdict to stand notwithstanding its lack of supporting evidence. The court, when moved to set aside the second verdict for that cause, must still exercise judicial discretion in passing on the motion. The only limitation is that in such a case a new trial should be granted cautiously. Ladwig v. Supreme Assembly E. F. U. 125 Minn. 72, 145 N. W. 798, and the cases therein cited.

There was no abuse of discretion. Plaintiff fixed the value less than the verdict, and even testified that the tractor was worth nothing. But it is to be noted that rather than return the tractor he chanced the expense of a trial to determine at what price he might keep it. The testimony is practically undisputed that its construction cost is over $400. Of course the value of a machine depends very largely upon its capability of doing the work expected of it. But this in turn depends to a great extent on how it is operated and the conditions under which it is run. That because upon certain hills and soft spots on

plaintiff's farm it failed, does not prove that it will not work efficiently on other farms. The record discloses reasonable grounds for the action of the court below.

Order affirmed.