## WILLIAM SNYDER v. MINNETONKA & WHITE BEAR NAVIGATION COMPANY.[1]

December 23, 1921.

No. 22,588.

**Judgment notwithstanding verdict or new trial—what order is appealable, what not appealable.**

1. An order for judgment notwithstanding the verdict entered on a motion in the alternative for such judgment or a new trial, is appealable as to the party against whom judgment is ordered. An order on such motion granting a new trial, is nonappealable, except where it is stated that it is granted exclusively for errors of law, and then is appealable only by the party who opposed the motion.

[1]Reported in 185 N. W. 959.

**Landing dock—plaintiff an invitee.**

2. Under the facts herein plaintiff is held to have been an invitee at the dock of defendant and not a mere licensee.

**Order for judgment non obstante error.**

3. The verdict rendered on the theory that he was an invitee is supported by the evidence, and the court erred in ordering judgment notwithstanding the verdict.

Action in the district court for Hennepin county to recover $2,500 for injuries received at one of defendant's docks. The case was tried before Bardwell, J., who at the close of the testimony denied defendant's motion for a directed verdict and a jury which returned a verdict for $1,200. From an order granting defendant's motion and directing judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Reversed.

*F. D. Larrabee*, for appellant.

*Ralph T. Boardman* and *W. D. Dwyer*, for respondent.

HOLT, J.

Plaintiff had a verdict of $1,200. On defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial, judgment was ordered for defendant. Plaintiff appeals from the order.

Defendant, a corporation, operates small steamboats on Lake Minnetonka, and has private docks thereon whereon passengers are received and discharged. Near Arcola station is one of these docks. It extends 120 feet or more into the lake. The dock is laid upon piles driven into the bottom of the lake. These piles are in pairs, about 5 feet apart each way. Upon each pair is laid a cross piece 6 inches square. Planks about 16 feet long and a foot wide are laid upon and spiked to the cross pieces. This makes a 5-foot plank walk running from shore out to deep water. At the end of this walk, and at right angles to it, is the landing dock proper for the steamboats. This is 8 feet wide by 15 feet long, the south end being even with the south side of the plank walk and the north end extending about 10 or 11 feet beyond the northerly side of the walk.

In the forenoon of September 23, 1919, plaintiff in a launch approached the dock a few moments before defendant's steamboat reached it. There was a brisk wind toward the shore at the time. Plaintiff came alongside the south side of the plank walk about 16 feet back of the landing platform proper. His wife was assisted to the walk to take passage on the steamboat. She had stepped upon the dock proper, when the steamboat bumped violently into the dock. At that instant plaintiff had reached out his hand and laid hold of the walk to steady his boat so as not to pound against the planks or piles, and perhaps, also so as to prevent the wind from driving him in shore. Where he placed his hand happened to be between the ends of two planks where they did not quite meet, there being a space of 1½ to 4 inches between them. Plaintiff claimed that the steamboat was run against the dock so violently that the ends of the planks were driven together, catching and crushing two of his fingers. The negligence alleged was failure to keep the dock in proper repair and carelessness in handling the steamboat in making the landing.

Defendant makes the point that the order is not appealable; that, even though the motion was in the alternative, the court below never had occasion to consider more than the first branch thereof, viz., that part asking for judgment. Chapter 320, p. 729, Laws 1895, which permits the granting of judgment notwithstanding the verdict, if a motion for a directed verdict was made when the testimony closed, and which authorizes this court, "on appeal from an order granting or denying a motion for a new trial in the action in which such motion was made," to order judgment for the party entitled thereto, was shortly after its enactment before the court in Kernan v. St. Paul City Ry. Co. 64 Minn. 312, 67 N. W. 71. There, on defendant's motion for a new trial, after verdict for plaintiff, the trial court on its own motion granted judgment non obstante. On plaintiff's appeal defendant made the point that the order was not appealable, and this court answered [at page 314]:

"This would undoubtedly be true if the order had not been made as the disposition of a motion for a new trial. We are of the opinion that the legislature by the statute above quoted intended to permit

the motion for judgment notwithstanding the verdict and the motion for a new trial to be blended together, both in the court below and on the appeal, and to make the order for judgment in such blended motion appealable in the same manner as an order totally denying the blended motion or an order granting a new trial in it."

St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077, after stating that, if the party who does not wish a new trial desires to stand on his right to judgment notwithstanding a verdict, he may make a motion accordingly, and review the order on appeal from the judgment, stated [p. 320]: "But if the defeated party is unwilling to stand or fall on his claim to a judgment in his favor upon the record as a matter of strict legal right, he may blend his motion for judgment with one for a new trial. If his motion is wholly denied, he may appeal from the order, and review the action of the trial court upon either or both of the alternative motions so united. If any part of his motion is granted, the adverse party may appeal from the order disposing of the motion."

The case of Peterson v. Minneapolis St. Ry. Co. 90 Minn. 52, 95 N. W. 751, is precisely like the one at bar. There the order granting judgment notwithstanding a verdict, made upon a blended motion, was held appealable.

Subsequent legislative enactments do not call for a practice different from that established by the decisions referred to. The proviso (chapter 474, Laws 1913), now found in subdivision 4, § 8001, G. S. 1913, which makes an order granting a new trial nonappealable, except when it expressly recites that it is based exclusively upon errors of law, can have no bearing in a case where the court below does not reach or consider that part of the motion which asks for a new trial. So the point made by defendant here is not controlled by the decision in Kommerstad v. Great Northern Ry. Co. 125 Minn. 297, 146 N. W. 975, and cases following it. There the question was whether the party presenting a blended motion may appeal from the order granting the one alternative thereof. It was held he could not. The statement in the opinion [page 299], that under the present statute plaintiff could not "have appealed from the whole order had the defendant's motion for judgment been granted"

must be regarded as inadvertent and contrary to the rule established by the Peterson case, and the previous decisions referred to.

In St. Anthony Falls Bank v. Graham, supra, the court said that it was clear that the party who makes a blended motion "cannot accept the part of the order annulling the trial and granting it a new one, and appeal from the part which denies its (his) motion for judgment." Where judgment notwithstanding the verdict is granted, it must be assumed to be based on the proposition that there was no evidence to support it, hence, had the motion been only for a new trial, the court must have granted the same exclusively for the error of law in not directing a verdict, or in receiving an unsupported verdict. We hold that, when one party makes the motion in the alternative for judgment notwithstanding the verdict or for a new trial and judgment is granted, the other party can appeal from the order, but if a new trial is granted neither party can appeal, unless the order recites that it is granted exclusively for errors of law, and then only the party against whom the motion was made can appeal. Greenberg v. National Council K. & L. of S. 132 Minn. 84, 155 N. W. 1053; Snure v. Joseph Schlitz Brewing Co. 139 Minn. 516, 166 N. W. 1068.

The learned trial court came to the conclusion that plaintiff when injured was a mere licensee at the dock, and as such defendant owed him no duty except to refrain from knowingly harming him. The members of this court, except the writer, are of the opinion that plaintiff was at the dock as an invitee, and not merely as a licensee. Defendant maintained the dock for its passenger traffic. The passengers came to and departed from the dock by row boats and launches as well as by land. Some one had to row the boat or run the launch and hold it in some manner close enough to the dock or plank walk to permit the safe transfer of those who were to take passage on the steamboat, or those who might have disembarked therefrom and were to go further by rowboat or launch. Having reached the conclusion that plaintiff was an invitee of defendant, there seems to be no great difficulty in holding that the record presents enough to make defendant's negligence and plaintiff's contributory negligence proper issues for the jury.

Speaking for myself, this verdict appears to be based more on the assumption that defendant is an insurer against accident than on any violation of duty owing plaintiff. Docks at the various landing places of Minnetonka are not permanent structures. Every spring they are wholly or partially destroyed by the ice. When the wind is high boats can scarcely come alongside without bumping or straining the dock, hence some play between ends of planks seems unavoidable. Furthermore, it could not well be anticipated that anyone desiring to steady a launch or rowboat against this plank walk would ever stick his fingers between plank ends; one might rather expect that the edge of a plank or a pile would be laid hold of.

But as above indicated the court is of the opinion that there is sufficient evidence to sustain the verdict rendered, and that it was error to grant judgment notwithstanding.

The order is reversed.

BROWN, C. J. (dissenting).

Upon the merits of the case I concur in the views expressed by Mr. Justice Holt, to the effect that the evidence does not make a case of negligence against defendant.