## L. W. LINCOLN v. HARRY RAVICZ.[1]

April 13, 1928.

Nos. 26,197, 26,266.

**When appeal lies from grant of new trial because of insufficiency of evidence.**

1. An appeal lies from an order granting a motion for a new trial made on the ground of the insufficiency of the evidence if after a former trial a new trial was granted on that ground.

**When real estate broker's commission is earned.**

2. A real estate broker earns his commission when he produces a purchaser ready, willing and able to purchase on the proposed terms, or when the party whom he produces enters into an enforceable agreement with the vendor on acceptable terms.

**Order granting defendant trustee a new trial was sustained.**

3. The defendant gave the plaintiff in writing the exclusive right to sell an apartment building on stated terms. The plaintiff did not procure a purchaser on such terms. The defendant was not the sole owner of the property. He and his brother held the legal title as trustees under the will of their father. There was evidence that the plaintiff procured a purchaser on terms acceptable to the defendant; but the contract, signed by the purchasers and the defendant, was not executed or assented to by the defendant's brother. The defendant might make himself liable if he agreed to be bound individually, although his cotrustee was not, but the evidence does not justify a finding that he did, and the order granting the defendant a new trial was right.

**Defendant's appeal ineffectual.**

4. The defendant moved in the alternative for judgment notwithstanding the verdict or a new trial. A new trial was granted and the motion for judgment denied. He appeals from so much of the order as denies his motion for judgment notwithstanding. Such an appeal is ineffectual.

Appeal and Error, 3 C. J. p. 507 n. 61; p. 510 n. 86.
Brokers, 9 C. J. p. 596 n. 32, 33; p. 654 n. 41.

[1]Reported in 219 N. W. 149.

See note in 44 L. R. A. pp. 616, 619, 623; 1 A. L. R. 528; 4 R. C. L. 307, et seq; 1 R. C. L. Supp. 1113; 4 R. C. L. Supp. 262; 6 R. C. L. Supp. 249.

Plaintiff appealed from an order of the district court for Hennepin county, Leary, J. so far as it granted defendant a new trial (26,197), and defendant appealed from the same order so far as it denied his motion for judgment notwithstanding the verdict (26,266). Order granting new trial affirmed, and defendant's appeal dismissed.

*William E. MacGregor* and *Alvin L. Dretchko,* for plaintiff.

*Felix Moses, Benedict S. Deinard* and *Arthur L. H. Street,* for defendant.

DIBELL, J.

Action to recover a broker's commission for procuring a purchaser for an apartment house in Minneapolis. There was a verdict for the plaintiff. The defendant moved in the alternative for judgment notwithstanding the verdict or a new trial. A new trial was granted and the motion for judgment notwithstanding was denied. The plaintiff appeals from the order so far as it grants a new trial, and the defendant appeals in so far as it denies judgment notwithstanding.

1. There was a former trial resulting in a verdict for the plaintiff. A new trial was granted upon the ground of the insufficiency of the evidence. An order granting a motion for a new trial is not appealable unless granted solely on the ground of errors of law except when, after a former trial, a new trial was granted upon the ground of insufficiency of evidence. Therefore the order from which the appeal is taken is appealable. G. S. 1923, § 9498(4); 1 Dunnell, Minn. Dig. (2 ed.) § 300; Guest v. Northern Motor Car Co. 149 Minn. 231, 183 N. W. 147; Cox v. Selover, 165 Minn. 50, 205 N. W. 691. This is mentioned to avoid confusion which might come if the appeal from the order granting the new trial were entertained without explanation; and to suggest the necessity, in cases like this, of showing the ground upon which the first new trial was granted.

2. A broker earns his commission when he produces a purchaser ready, willing and able to purchase on the proposed terms, or when the party whom he produces enters into an enforceable agreement with the vendor on acceptable terms. Bankers Service Co. v. Schouweiler, 163 Minn. 25, 203 N. W. 417, and cases cited; 1 Dunnell, Minn. Dig. (2 ed.) § 1147, and cases cited. In Francis v. Baker, 45 Minn. 83, 47 N. W. 452, perhaps the leading case in Minnesota, Mr. Justice Mitchell, referring to the liability of one who accepts a purchaser upon different terms, says that:

"If, without any fraud, concealment, or other improper practice on part of the broker, the principal accepts the person presented, either on the terms previously proposed or upon modified terms then agreed upon, and enters into a binding and enforceable contract with him for the purchase of the property, the commission is fully earned. The party presented is then a purchaser, within the meaning of the contract between the principal and the broker, although the sale is not completed or executed by payment of the consideration to the vendor."

The rule stated is not applicable where the broker's commission is fixed at the excess of the purchase price over a net price to the owner, and the purchaser produced is irresponsible. Martinson v. Hensler, 132 Minn. 437, 157 N. W. 714, 991.

3. On April 1, 1924, the defendant by letter gave the plaintiff the exclusive sale of the apartment building for ten days for $80,000, of which $20,000 was to be paid in cash, $33,000 by a second mortgage, and $27,000 by the assumption of a first mortgage. The commission was to be $2,300. The plaintiff did not procure a purchaser on these terms. There were some negotiations. They did not result in bringing a purchaser.

The apartment building was not owned by the defendant individually. It was owned by himself and his brother, who lived in the east, as trustees under the will of their father. The plaintiff knew that the defendant was not the sole owner. Still the defendant could, if he chose, bind himself to pay the agreed or reasonable value of the plaintiff's services. The new trial was granted sub-

stantially upon the ground that the evidence did not sufficiently show that the defendant agreed to be bound individually. The trial court correctly interpreted the evidence.

The defendant signed an earnest money contract, as did the purchasers whom the plaintiff claims he produced, and sent it to his brother in New York, who did not sign. If the defendant intended to bind himself, if the understanding between him and the plaintiff was of that effect, the plaintiff should recover; otherwise he should not. The testimony of the plaintiff is uncertain and persistently given by way of unsatisfactory conclusion. The testimony of the defendant and some of his witnesses is at times shifting and sometimes quite carelessly given. The evidence was not sufficient to sustain a finding of an agreement that the defendant should be bound individually though his cotrustee was not bound.

4. The defendant appeals "from that part of that certain order of the said District Court entered herein on the 28th day of July, A. D. 1926, denying defendant's motion for judgment notwithstanding the verdict." The appeal from a part of the order is ineffectual. St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; Gay v. Kelley, 109 Minn. 101, 123 N. W. 295, 26 L.R.A.(N.S.) 742. The result might be different had the appeal been from the whole order. Kalz v. Winona & St. P. Ry. Co. 76 Minn. 351, 79 N. W. 310; Westacott v. Handley, 109 Minn. 452, 124 N. W. 226; 3 Dunnell, Minn. Dig. (2 ed.) § 5084.

The order granting a new trial is affirmed, and the defendant's appeal is dismissed.