## GEORGE DRCHA v. GREAT NORTHERN RAILWAY COMPANY.[1]

October 4, 1929.

No. 27,715.

*Gannon & Strizich,* for plaintiff.

*A. L. Janes, Cobb, Hoke, Benson, Krause & Faegre* and *Paul J. McGough,* for defendant.

STONE, J.

In this action for personal injuries the jury found for plaintiff. On defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial, there was an order denying the motion for judgment but granting that for a new trial, not for

[1]Reported in 226 N. W. 846.

errors of law, but "upon the ground that the verdict is not justified by the evidence." Defendant appeals from the whole order, and the case is now before us on plaintiff's motion to dismiss that appeal. That motion is granted.

Defendant's contention, that G. S. 1923 (2 Mason, 1927) § 9495, gives it the right of appeal, is untenable. True, that section does indicate that the supreme court may order judgment "on appeal from the whole order denying such motion when made in the alternative form, whether a new trial was granted or denied by such order." If that statute were the whole law on the subject, defendant would have the right of appeal which it claims. It does not have that right because by a later statute, L. 1913, p. 699, c. 474 [G. S. 1923 (2 Mason, 1927) § 9498] the right to appeal from an order granting a new trial was abolished except when the order is "based exclusively upon errors occurring at the trial" or unless "the trial court has once granted a new trial in the exercise of its discretion, on the ground that the evidence is not sufficient to support the verdict."

The statement in 3 Dunnell, Minn. Dig. (2 ed.) § 5084,.that in "such a case," that is, where "the trial court grants the alternative request of the moving party for a new trial and denies the balance of the motion," the moving party "may appeal from the order as a whole and have reviewed that part of the order denying his motion for judgment," is based upon Kalz v. W. & St. P. Ry. Co. 76 Minn. 351, 79 N. W. 310, and Westacott v. Handley, 109 Minn. 452, 124 N. W. 226, which were decided before the abolition in 1913 of the right of appeal from an order granting a first new trial except when granted exclusively for errors of law. It is well settled that under the statute as amended in 1913 an order granting a first new trial, when not made exclusively for errors of law, even though upon an alternative motion for judgment notwithstanding the verdict or a new trial, is not appealable. Kommerstad v. G. N. Ry. Co. 125 Minn. 297, 146 N. W. 975; Snyder v. M. & W. B. N. Co. 151 Minn. 36, 185 N. W. 959, citing Greenberg v. National Council, 132 Minn. 84, 155 N. W. 1053; Snure v. Joseph Schlitz Brg. Co. 139 Minn. 516, 166 N. W. 1068. See also Lincoln v. Ravicz, 174 Minn. 237, 219 N. W. 149.

Motion granted.