## A. V. RIEKE v. ST. ALBANS LAND COMPANY.[1]

February 21, 1930.

No. 27,686.

*George S. Grimes, Bonita Rieke* and *Maurice Rieke,* for appellant.
*Boutelle, Bowen & Flanagan* and *Coe I. Crawford,* for respondent.

TAYLOR, C.

Defendant was organized as a corporation in 1916 for the purpose of taking· the title to and selling a tract of 140 acres of land at Lake Minnetonka in Hennepin county. Defendant apparently made no sales itself but in 1920 made an agreement with Dickin-

[1]Reported in 229 N. W. 557.

son & Gillespie, real estate dealers, under which that firm platted. and disposed of the property.

Plaintiff was the secretary of defendant from its organization until December 31, 1925. In his complaint he set forth four separate causes of action. In the first he sought to recover for services rendered as secretary. In the second he sought to recover rent for office space furnished defendant. In the fourth he sought to recover for services rendered as attorney for defendant. In the third, which is the only one involved in this appeal, he sought to recover for two items, one for services other than services rendered as secretary or attorney, and one for supplies and stenographic services furnished for defendant. At the close of the testimony defendant made a motion for a directed verdict on the entire case and also for a directed verdict on each cause of action. The articles of incorporation prohibited the payment of a salary to any officer unless authorized by the by-laws, and the court struck out the first cause of action. The other three were submitted to the jury. By direction of the court the jury returned a special verdict. On the second cause of action they found for defendant. On the fourth cause of action they awarded plaintiff the sum of $275 for services rendered as attorney. On the third cause of action they awarded plaintiff the sum of $2,130 for services other than those rendered as secretary or attorney, and the sum of $255 for stenographic services and supplies furnished defendant.

Defendant made the usual alternative motion for judgment notwithstanding the verdict or for a new trial. The court made an order in which both motions were denied as to the fourth cause of action; and in which the motion for judgment was granted as to the third cause of action except as to the sum of $62, the amount claimed for supplies furnished, in which amount the verdict was sustained, and as to that amount a new trial was denied. Plaintiff appealed from that portion of the order granting judgment on the third cause of action except as to the sum of $62.

Defendant insists that an appeal will not lie from only that part of the order directing judgment for defendant. An order for judgment is not appealable under G. S. 1923 (2 Mason, 1927) § 9498,

the general statute prescribing the cases in which an appeal may be taken. Nikannis Co. v. City of Duluth, 108 Minn. 83, 121 N. W. 212. The appeal in question will not lie unless authorized by G. S. 1923 (2 Mason, 1927) § 9495. That section authorizes a motion for judgment notwithstanding the verdict, and also an alternative motion for judgment notwithstanding the verdict or for a new trial, and provides:

"If the motion for judgment notwithstanding the verdict be denied, the supreme court, on appeal from the judgment, may order judgment to be entered, when it appears from the testimony that a verdict should have been so directed at the trial; and it may also so order, on appeal from the whole order denying such motion when made in the alternative form, whether a new trial was granted or denied by such order."

To avoid confusion it may be proper to note that where a new trial is granted the right to appeal is limited by G. S. 1923 (2 Mason, 1927) § 9498, as pointed out in Drcha v. G. N. Ry. Co. 178 Minn. 286, 226 N. W. 846.

The only appeal authorized by § 9495 is from the judgment or from the *"whole order."* An order granting or denying a motion for judgment is not appealable. And it is well settled that where an order is made determining the alternative motion, an appeal will not lie from only that part of the order determining the motion for judgment. St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; Kalz v. W. & St. P. Ry. Co. 76 Minn. 351, 79 N. W. 310; Peterson v. Minneapolis St. Ry. Co. 90 Minn. 52, 95 N. W. 751; Westacott v. Handley, 109 Minn. 452, 124 N. W. 226; Hodge v. Franklin Ins. Co. 111 Minn. 321, 126 N. W. 1098; Kommerstad v. G. N. Ry. Co. 125 Minn. 297, 146 N. W. 975; Snyder v. M. & W. B. Navigation Co. 151 Minn. 36, 185 N. W. 959; Lincoln v. Ravicz, 174 Minn. 237, 219 N. W. 149.

But a party may appeal from the whole order and then assign as error only that part which' he desires to have reviewed. Westacott v. Handley, 109 Minn. 452, 124 N. W. 226; Cedar Rapids Nat. Bank v. Mottle, 115 Minn. 414, 132 N. W. 911.

As the statute only authorizes an appeal from the whole order, plaintiff's appeal from only that part of the order granting judgment did not give this court jurisdiction, and the appeal must be and is dismissed.