ALFRED L. MALLERY, ADMINISTRATOR, SUBSTITUTED
AS PLAINTIFF FOR FRANK E. LAMMERS, DECEASED,
v. NORTHFIELD SEED COMPANY.[1]

April 5, 1935.

No. 30,278..

[1]Reported in 259 N. W. 825.

R. R. Barry, for appellant.
William W. Pye, for respondent.

PER CURIAM.

Plaintiff attempts to appeal from an order granting defendant's motion for judgment notwithstanding. A brief summation of the issues and proceedings may be helpful. The present plaintiff is the administrator of the estate of the original plaintiff, who died after trial below. Substitution has been duly made. We shall refer to the parties as they were designated at and prior to the time of trial.

Plaintiff, claiming that defendant had sold impure alfalfa seed, brought this action to recover damages for breach of warranty. Trial was had before the court and a jury and verdict rendered for plaintiff in a substantial sum. After rendition of verdict defendant moved in the alternative for judgment non obstante or new trial. The court denied the motion for judgment but granted a new trial. Later defendant moved for an order amending the former order "by granting to defendant judgment in said action notwithstanding the verdict upon the grounds stated on the original motion therefor." Whereupon the court made the following order:

"It is ordered, that the motion of the defendant be, and the same hereby is, granted and accordingly the defendant is granted leave to enter judgment in said action notwithstanding the verdict."

The appeal attempted is set forth by plaintiff in his notice as follows:

"Plaintiff * * * appeals to the supreme court * * * from an order of the above named district court * * * granting defendant's motion to amend the order of the court [previously made] * * * by granting to defendant leave to enter judgment in said action notwithstanding the verdict."

Obviously plaintiff seeks to review only that part of the order of the lower court which relates to granting judgment notwithstanding. He so treats the matter in his brief. In Drcha v. G. N. Ry. Co. 178 Minn. 286, 287, 226 N. W. 846, 847, the court said:

"It is well settled that under the statute as amended in 1913 an order granting a first new trial, when not made exclusively for errors of law, even though upon an alternative motion for judgment notwithstanding the verdict or a new trial, is not appealable." (Citing cases.)

And in Rieke v. St. Albans Land Co. 179 Minn. 392, 229 N. W. 557, it was held:

"Where an alternative motion for judgment *non obstante* or for a new trial is made, an appeal may be taken from the whole order disposing of the motion, but not from only that part granting or denying judgment." See 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 5084.

That is the situation in the instant case. As no judgment has been entered and the appeal not being from the whole order, it follows that this court is without jurisdiction to hear and determine this appeal; hence the same must be and hereby is dismissed.

