## MARIAN HICKS v. NORTHERN PACIFIC RAILWAY COMPANY AND ANOTHER.[1]

May 29, 1953.

No. 35,960.

*M. L. Countryman, Jr., Earl F. Requa,* and *W. S. Lycan, Jr.,* for appellant.

*Sharp & Saetre, Shure & Shure,* and *Lanier, Lanier & Knox,* for respondent.

---

[1]Reported in 58 N. W. (2d) 750.

CHRISTIANSON, JUSTICE.

Action is brought by the trustee for the benefit of the next of kin of Lester Hicks, deceased, to recover damages for the latter's death resulting from a collision between a truck driven by decedent and a train owned by defendant Northern Pacific Railway Company and operated by defendant Herman Ullrich, its engineer. The jury returned a verdict against the railway company but not against defendant Ullrich. Defendant railway company moved for judgment notwithstanding the verdict or for a new trial. The trial court denied judgment notwithstanding the verdict but granted a new trial exclusively for errors of law occurring at the trial. The railway company appeals from the whole order.[2]

At about 3:30 on the afternoon of December 13, 1951, decedent was driving north on Fourteenth street in Moorhead, Minnesota, in a 1940 International truck toward the intersection of Fourteenth street and defendant's railway tracks. At the same time, the "North Coast Limited" was approaching the grade crossing on the westbound main track. The truck and the train collided and decedent was fatally injured.

Four of defendant's tracks intersect Fourteenth street at the crossing. The eastbound main track is 74 feet north of the south spur track, and the westbound main track is 14 feet north of the eastbound main track. Beyond that to the north, there is another spur track. To the east, the main tracks are straight for over a quarter of a mile. A standard cross-buck warning sign is placed

[2] This is an appealable order. Kalz v. Winona & St. Peter Ry. Co. 76 Minn. 351, 79 N. W. 310; Westacott v. Handley, 109 Minn. 452, 124 N. W. 226; see, Lincoln v. Ravicz, 174 Minn. 237, 240, 219 N. W. 149, 151; Rieke v. St. Albans Land Co. 179 Minn. 392, 229 N. W. 557. Dicta to the contrary in Snyder v. Minnetonka & W. B. Nav. Co. 151 Minn. 36, 40, 185 N. W. 959, 961, has not been overlooked. However, the instant case is to be distinguished from cases such as In re Estate of Halweg, 207 Minn. 263, 290 N. W. 577, and Simon v. Larson, 207 Minn. 605, 292 N. W. 270, where the appeal was from only part of the order, and from Kommerstad v. G. N. Ry. Co. 125 Minn. 297, 146 N. W. 975, and Drcha v. G. N. Ry. Co. 178 Minn. 286, 226 N. W. 846, where the order was not appealable because of the limitations of M. S. A. 605.09(4).

about 29 feet south of the westbound main track. Fourteenth street is straight and approximately level in the vicinity of the crossing.

On the east side of Fourteenth street, the Tallman Oil Company building is located between the eastbound main track and the south spur track and the Northrup, King & Company building is located south of the south spur track. Traveling north on Fourteenth street, the first view to the east of the main tracks is between these two buildings. For a distance of about 28 feet in the vicinity of the south spur track, the view is unobstructed for 1,150 feet. Then at a point 38 feet from the westbound main track, the view is unobstructed for 397 feet, and at a point 33 feet from the westbound main track, the view is unlimited. The view to the west is unobstructed after crossing the south spur track.

Decedent was familiar with this crossing, having driven over it several times each day in the course of his employment. The truck driven by decedent was in good mechanical condition. It was equipped with a tank for hauling fuel oil which was empty at the time of the collision. It was a clear cold day with little or no wind, and visibility was good. There was some packed snow on the street and crossing. The train, which was traveling about 55 miles per hour, began sounding its whistle a quarter of a mile east of the crossing, and, with brief intervals, continued sounding it until the collision.

Viewing the facts and permissible inferences therefrom in the light most favorable to plaintiff, as we must, they appear as follows: Decedent was driving at a speed of about five miles per hour; the train was not in sight when decedent was able to look between the buildings; and a truck was parked at the crossing to decedent's right so that he had no view to the east until the front of his truck was approximately 26 feet from the westbound main track.

Appellant contends that decedent was guilty of contributory negligence as a matter of law. The principle of law applicable to this type of case was stated by this court in Dahlquist v. M. & St. L. Ry. Co. 230 Minn. 203, 205, 41 N. W. (2d) 587, 588, as follows:

"* * * If the driver of the automobile involved in a collision with a train at a railroad crossing has an adequate opportunity under the surrounding circumstances to know of and see the approaching train in time to avoid the collision, he is guilty of contributory negligence as a matter of law."

Respondent, in support of her contention that the issue was one of fact for the jury, cites certain cases in which it was practically impossible for the driver to see or become aware of the approaching train prior to the collision.[3] Here, the train in question was in plain sight when decedent reached a point at least 26 feet from the crossing. Respondent also relies upon the case of N. P. Ry. Co. v. Haugan (8 Cir.) 184 F. (2d) 472, which applied Minnesota law. In that case, however, it was impossible for the driver to see the train until his car was $11\frac{1}{2}$ feet from the point of impact and the court assumed that no warning signal was given as the train approached the crossing. Here, not only did decedent have more than twice the distance in which to see the approaching train but also it conclusively appears that the train began sounding its whistle when at least a quarter of a mile from the crossing.

Decedent was thoroughly familiar with this crossing, having driven over it several times each day in the course of his employment; he knew the location of the main tracks; he knew that the view was unobstructed to the west; and he knew that the Tallman Oil Company building limited his vision to the east. The plat and pictures of the crossing make the situation clear. Accepting the position of the parked truck most favorable to the decedent, it did not substantially increase this obstruction. Other than the presence of the parked truck, there were no distracting circumstances at the crossing. All of the witnesses in the vicinity of the cross-

[3]Polchow v. C. St. P. M. & O. Ry. Co. 199 Minn. 1, 270 N. W. 673; Turner v. M. St. P. & S. S. M. Ry. Co. 164 Minn. 335, 205 N. W. 213; Pokora v. Wabash Ry. Co. 292 U. S. 98, 54 S. Ct. 580, 78 L. ed. 1149, 91 A. L. R. 1049. In each of these cases the driver was less than six feet from the track before train was in sight and it was assumed no warning signal was given.

ing, including those inside the Tallman Oil Company building, heard the warning whistle. It was sounded continually from the time the train was a quarter of a mile away, and plaintiff's witnesses agreed it was loud and clear. In view of these facts, we are of the opinion that decedent had an adequate opportunity to know of and see the approaching train in time to avoid the collision.[4] Therefore, we hold that decedent was guilty of contributory negligence as a matter of law.

It follows that the order appealed from insofar as it denied appellant's motion for judgment notwithstanding the verdict was erroneous and that the case should be remanded with directions to enter judgment for appellant.

Reversed and judgment ordered for appellant.

---

[4] For cases analogous on their facts which support this conclusion, see Rogge v. G. N. Ry. Co. 233 Minn. 255, 47 N. W. (2d) 475 (assumed no warning signal given but train in plain sight when driver 50 feet from track); Dahlquist v. M. & St. L. Ry. Co. 230 Minn. 203, 41 N. W. (2d) 587 (assumed no warning signal given but train in plain sight when driver 40 feet from track and view unlimited in opposite direction); Luce v. G. N. Ry. Co. 203 Minn. 470, 281 N. W. 812 (whistle was sounded, train was in plain sight when driver 50 feet from track and view unlimited in opposite direction); Jones v. G. N. Ry. Co. 178 Minn. 322, 227 N. W. 45 (assumed no warning signal given but train in plain sight when driver 40 feet from track and view unlimited in opposite direction). See, also, C. St. P. M. & O. Ry. Co. v. Heyda (8 Cir.) 191 F. (2d) 944, applying Minnesota law (assumed no warning signal given but train in plain sight when driver 40 feet from track).