## SHIRLEY MESTAD SCHAUMBURG v. BARBARA LUDWIG.[1]

July 31, 1953.

No. 36,061.

*John P. Ryan,* for appellant.
*Bert A. Minwegen,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the municipal court.

The action, involving overcharges under the federal housing and rent act of 1947, originated in the justice court of the city of St. Paul where plaintiff based her claim upon a determination and finding of the area rent director involving an alleged overcharge of rental. She recovered a judgment of $100 and five dollars costs. Defendant appealed from the judgment as provided in M. S. A. c. 488, Appendix 3, § 28 (St. Paul municipal court). In the munici-

[1]Reported in 60 N. W. (2d) 12.

pal court action the court directed a verdict of $12.51 for plaintiff. Thereafter, plaintiff moved the court for judgment notwithstanding the verdict or for a new trial. The court denied judgment but granted the motion for a new trial without expressly stating therein or attaching a memorandum thereto that the order was based exclusively upon errors of law occurring at the trial and upon no other grounds and without specifying such errors in its order or memorandum as provided in § 605.09(4). The court, however, did state in its order that the new trial was granted on the authority of two cases cited in the order. Plaintiff appealed from this order and the whole thereof. Defendant asks for a dismissal of the appeal. It is our opinion that the appeal should be dismissed.

Plaintiff contends that a review of an order denying a motion for judgment notwithstanding and granting a new trial is authorized by § 605.06; that her notice of appeal stated that the appeal was taken from the whole order; therefore, that the order in question is clearly appealable. Our court, in Hicks v. N. P. Ry. Co. 239 Minn. 373, 58 N. W. (2d) 750, did state that an order denying judgment notwithstanding the verdict and granting a new trial is appealable. However, that case is distinguishable from the one at bar because in that case the new trial was granted exclusively for errors of law occurring at the trial.

The rule in this state is that, even though § 605.06 does authorize an appeal from an order denying judgment notwithstanding the verdict and granting a new trial, the requirements of § 605.09(4) must be complied with. This statute governs the appealability of an order granting a new trial. The pertinent part of that statute reads:

"An appeal may be taken to the supreme court by the aggrieved party in the following cases:

\* \* \* \* \*

"\* \* \* from an order refusing a new trial, or from an order granting a new trial if the court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of.law occurring at the trial, and upon no other ground;

and the court shall specify such errors in its order or memorandum, * * *."

It is well settled that under this statute, as amended in 1913, an order granting a new trial, when not made exclusively for errors of law, even though upon an alternative motion for judgment notwithstanding the verdict or a new trial, is not appealable. Drcha v. G. N. Ry. Co. 178 Minn. 286, 226 N. W. 846; Mallery v. Northfield Seed Co. 194 Minn. 236, 259 N. W. 825; Rieke v. St. Albans Land Co. 179 Minn. 392, 229 N. W. 557.

We are faced with the situation that, for the order under consideration to be appealable, the part of the order granting a new trial must be appealable. The reason for this is that, when two nonappealable orders are embodied into one, the fact that they are so blended does not give them an appealable character. Kommerstad v. G. N. Ry. Co. 125 Minn. 297, 146 N. W. 975.

Our court has said on numerous occasions that, in order to render the order granting a new trial appealable, the order must expressly state that the new trial is granted exclusively for errors of law occurring at the trial and the alleged errors of law upon which the order is based must be expressly stated therein. Thompson v. Mann, 202 Minn. 318, 319, 278 N. W. 153; Spicer v. Stebbins, 184 Minn. 77, 237 N. W. 844; Backstrom v. New York L. Ins. Co. 187 Minn. 35, 244 N. W. 64; Olson v. Heise, 197 Minn. 441, 267 N. W. 425; Kelly v. Bowman, 201 Minn. 365, 276 N. W. 274; Voller v. Schmitz, 236 Minn. 155, 52 N. W. (2d) 289.

The only extension of this rule is to be found in Weatherhead v. Burau, 237 Minn. 325, 327, 54 N. W. (2d) 570, 571, in which our court said:

"While deviation from the statutory language is not to be encouraged, where the order or memorandum expressly shows that a new trial was granted exclusively upon errors of law occurring at the trial and upon no other ground, the order is appealable, even though the exact language of the statute is not followed. It must appear that no element of judicial discretion was exercised."

In commenting on the above case, our court has held that this rule is not to be extended. Either the statutory language must be set forth in the order or memorandum and the alleged errors of law specified, or it must clearly appear that the new trial was granted exclusively upon specified errors of law occurring at the trial and upon no other ground. It must clearly appear that no element of judicial discretion was exercised. If there is the slightest doubt at all, the order is not appealable. Von Bank v. Mayer, 239 Minn. 492, 59 N. W. (2d) 307.

In the case before us, the court in its order granting the new trial said only that the new trial was being granted on the basis of two cases cited therein. The statutory language was not followed, and there is no clear expression showing that the trial court granted the new trial exclusively for errors of law occurring at the trial and upon no other ground. Here, there is more than a slight doubt. It would be speculative for this court to find that the motion for a new trial had been granted solely upon errors of law occurring at the trial. It is therefore our opinion that, because that part of the order granting a new trial was not appealable, the order could not be appealed from as a whole.

Appeal dismissed.

MR. JUSTICE NELSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.